Charles Clinton DAVIS, a/k/a Nick Davis, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–239–CR(T).

Court of Appeals of Texas, Austin.

Dec. 29, 1982.

Stephen M. Orr, Austin, for appellant.

Charles D. Houston, Dist. Atty., Bellville, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Appellant Charles Clinton Davis was indicted in the district court of Fayette County, Texas, for the first degree felony offense of burglary of a habitation. Two prior felony convictions were alleged for enhancement purposes. On change of venue to Travis County, trial before a jury was had on the issue of guilt or innocence, and the jury returned a verdict of guilty of the offense charged. At the time appellant entered his plea to the indictment, he did not elect for the jury to assess punishment. The trial judge found that appellant had been duly, legally, and finally convicted of one of the alleged prior felony offenses, to-wit, escape; assessed punishment at twenty years; and sentenced him to confinement in the Texas Department of Corrections for not less than fifteen years nor more than twenty years in accordance with the provisions of the Indeterminate Sentence Law then in effect.

Appellant's grounds of error are: that the evidence is insufficient to support the jury's finding of guilt; that the trial court erred in overruling his motion to dismiss the indictment for lack of a speedy trial; and that the trial court erred in admitting into evidence a prior conviction for felony escape for the reason that the conviction was void as a matter of law. We will overrule appellant's grounds of error and affirm the judgment of conviction.

Appellant's argument that the evidence is insufficient to support the jury's finding of guilt is without merit. This is a circumstantial evidence case. Admittedly, to show guilt, the State relies upon the recent unexplained possession by appellant of property stolen from the habitation of the complaining witness, Janecka. The Janecka habitation was burglarized either on August 28, or early on August 29, 1977. In the course of the burglary, a .30–06 Springfield rifle with scope and a toaster oven were taken. Janecka had previously recorded the serial numbers of the rifle

(4136610) and the toaster oven (Model No. 7006, serial number D 414106). On discovery of the burglary, he furnished the serial numbers of both items to Deputy Sheriff Koopman of Fayette County.

Wayne Appelt, Special Agent of the U.S. Treasury Department, Bureau of Alcohol, Tobacco, and Firearms, had been assigned to Austin, Texas, to set up a "fencing operation." In this operation, he worked with Agent Charles Meyer and Officer Tom Evans of the Austin Police Department. They set up an undercover apartment for the purpose of purchasing stolen property from "whoever had it for sale." The apartment was equipped with a telephone with an extension set up at Appelt's office. Through informants, word was made known that Appelt was available to purchase stolen property. If he received a call from someone who wanted to sell stolen property, he would arrange to meet such person at the apartment. On August 29, 1977, he received a call from someone who stated that "they" had some firearms and other merchandise to sell. The caller asked if Appelt wanted to look at the merchandise and possibly purchase the same. He directed the caller how to get to the apartment, and promptly proceeded there, accompanied by Special Agent Charles Meyer. A short time later, two individuals arrived at the apartment and asked if Appelt and Meyer wanted to buy some property. Appellant, also known as "Dash," was positively identified by Appelt as one of the two individuals; the other was someone known as "Bushrod." Appelt told appellant and "Bushrod" to bring the property in, which they did.

Appellant offered to sell Appelt a .30–06 rifle with scope and a toaster oven, along with other items. Appelt negotiated prices for the rifle and toaster oven with the two men. Most of the negotiations were conducted with appellant. Appelt purchased the rifle for one hundred dollars and the toaster oven for twenty-five dollars. The appellant stated that the officers "were not treating him right on the price." The evidence clearly shows that the rifle and oven were purchased from appellant and his companion the day after Janecka and his wife had left their home on a trip. Both items were turned over to Officer Evans of the Austin Police Department and were subsequently returned to Janecka, who identified them as his by the serial numbers they bore. Tom Evans also verified the serial numbers, giving the same numbers as those from Janecka's records.

The State conclusively proved that appellant was in recent possession of property stolen in the burglary of the Janecka habitation. Appellant made no explanation of his possession of the rifle or oven. The behavior of appellant in negotiating the sale of the items to Appelt clearly shows a "conscious assertion of right" by appellant.

Evidence that a house has been burglarized, together with defendant's unexplained possession of some of the property stolen from the house is sufficient to sustain a conviction for burglary. *Hardage v. State,* 552 S.W.2d 837 (Tex.Cr.App.1977); *Hall v. State,* 490 S.W.2d 589 (Tex.Cr.App.1973); *Montoya v. State,* 625 S.W.2d 25, 28 (Tex. App.1981, no pet.). In *Rodriguez v. State,* 549 S.W.2d 747, 749 (Tex.Cr.App.1977), the Court said:

An inference or a presumption of a defendant's guilt of a burglary or of a theft sufficient to sustain a conviction may arise from the appellant's possession of property stolen or taken in a recent burglary. However, in the prosecution for either a theft or a burglary, to warrant such an inference or presumption of guilt from the circumstances of possession alone, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of a right to the property by the defendant.

In the instant case, each of the indicia required in *Rodriguez* to raise the presumption of guilt is present: appellant possessed the rifle and the oven taken in the burglary; such possession was recent—the day after the burglary; the possession was unexplained by appellant; and by his conduct in negotiation of the sale, appellant asserted a distinct and conscious assertion of right to the property. We hold the evi-

dence to be sufficient to establish the guilt of the appellant and overrule the first ground of error.

We next turn to appellant's contention that the trial court erred in overruling his motion to dismiss for lack of speedy trial under the Speedy Trial Act, Tex.Code Cr.P. Ann. art. 32A.02 (Supp.1982), which effective July 1, 1978. For cases pending on the effective date of the act, time periods called for in the act run from the effective date thereof. *Phipps v. State,* 630 S.W.2d 942 (Tex.Cr.App.1982); *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979); *Wade v. State,* 572 S.W.2d 533, 535 (Tex.Cr.App. 1978).

From the record, the following sequence of events applicable to the instant case is garnered:

1. September 1977—Appellant indicted in Fayette County;
2. April 4, 1978—Appellant retained attorney Campbell;
3. April 7, 1978—Defense counsel filed motion for continuance;
4. April 10, 1978—Scheduled trial date as shown in above motion for continuance;
5. April 10, 1978—Order granting appellant's motion for continuance signed reciting "it is therefore ordered that the trial of these cases which were scheduled for April 10, 1978 be continued to a later date";
6. May 26, 1978—Appellant's motion to appoint counsel filed;
7. June 30, 1978—State filed written announcement of ready;
8. July 1, 1978—*Effective date of Speedy Trial Act;*
9. July 11, 1978—Letter from appellant to Judge stating that he had no objection to permitting John F. Campbell to withdraw nor to the appointment of Charles C. Cates to serve as his counsel;
10. August 8, 1978—Charles C. Cates appointed to represent Appellant. Mr. Cates not ready during entire month of August;
11. September 1978—Mr. Cates not ready during entire month of September;

12. September 5, 1978—Appellant filed pro-se motion for change of venue;
13. October 6, 1978—Pre-trial hearing on change of venue—trial court announces motion granted (order not signed until January 23, 1979);
14. October 6, 1978, through March 1979 —According to defense counsel's testimony, whereabouts of appellant not known to his counsel nor the State;
15. October 1978—Defense counsel not ready during entire month of October;
16. January 23, 1979—Order granting change of venue signed and filed in Fayette County;
17. February 2, 1979—File received in Travis County;
18. February 12, 1979—Fayette County district attorney in Austin to obtain trial setting from Judge Blackwell. April 24 setting—the earliest date the Judge's docket would permit, obtained. Defense counsel notified by district attorney;
19. April 10, 1979—Appellant's first motion to dismiss under Speedy Trial Act filed;
20. April 23, 1979—Appellant's second motion to dismiss for lack of speedy trial based on Sixth Amendment to United States Constitution filed;
21. April 23, 1979—Motions to dismiss overruled;
22. April 23, 1979—Appellant's second motion for continuance overruled;
23. April 24, 1979—Appellant arraigned;
24. April 25, 1979—Trial commenced;
25. May 7, 1979—Judgment and sentence (entered May 7, filed May 8).

Thus it is seen that the case was actually set for trial in Fayette County on April 10, 1978. On that same date, the case was continued for an indefinite period of time on appellant's motion. From the date of the continuance until April 10, 1979, no motion to dismiss was filed by appellant; rather, on September 5, 1979, (within 120 days from the effective date of the Speedy Trial Act) appellant filed his pro-se, pre-trial motion for change of venue. Until disposition of that motion was had by action of

the trial court thereon, no trial could be had. At a pre-trial hearing, held on October 6, 1978, the motion (unopposed by the State) was heard by the trial court and was by him orally granted. However, no written order changing venue to Travis County was signed by the court and filed in Fayette County until January 23, 1979. The file from Fayette County was not received and filed in Travis County until February 2, 1979.

Tex.Code Cr.P.Ann. art. 32A.02 provides: Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony; ...

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

(1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings ... on pretrial motions ...;

(3) a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel ...;

(10) any other reasonable period of delay that is justified by exceptional circumstances.

Change of venue motions are to be determined at the pre-trial hearing. Tex.Code Cr.P.Ann. art. 28.01, § 1(7) (Supp.1982).

█ On April 10, 1978, appellant obtained a continuance of the case for an indefinite period of time. His counsel testified at the hearing on the motion to dismiss that he was not ready for trial during the months of August, September, or October. Appellant's motion for change of venue operated to further delay the trial. We conclude that the entire period of time from the effective date of the Speedy Trial Act until February 2, 1979, (when Travis County received the file on change of venue) must be excluded from the time computations under the act since the delay was occasioned first by appellant's motion for continuance, and by appellant's motion for change of venue and' the exceptional circumstances surrounding the signing of the order changing venue. With this entire period excluded, the record shows that the trial actually occurred within 120 days from the time that the file was received in Travis County.

Moreover, the State announced ready for trial June 30, 1978, one day prior to the effective date of the act. Trial was set in Fayette County April 10, 1978, only to be indefinitely postponed by a continuance granted on appellant's motion. More importantly, insofar as the disposition of this case is concerned, at the hearing on appellant's motion to dismiss, the district attorney again announced ready, stating, "of course the State did announce ready, the State has been ready, and the State is ready for trial." When called to the stand by appellant, the district attorney testified that the State was ready at the time it filed its announcement of ready, and that the State had been ready at all times since, subject to the schedule of the court. Once the case was transferred to Travis County, he was prompt in requesting a setting from the Travis County district judge.

█ The Speedy Trial Act addresses the problem of prosecutorial delay in the judicial process. *Ordunez v. Bean,* 579 S.W.2d 911 (Tex.Cr.App.1979). The act requires the State to be "ready for trial" within statutorily designated time limits, *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.1979). A timely announcement of "ready" is a *prima facie* showing that the State is "ready for trial" as the statute requires, and such a *prima facie* showing may be made at the hearing on the motion to set aside an indictment by a declaration that it was ready, and had been ready within the statutory time limit. *Barfield v. State, supra.* Upon such a showing of "ready" the burden shifts to the defendant to show the State was not ready within the prescribed time limit. *Barfield v. State, supra.*

Having reviewed all the evidence offered by appellant at the hearing on his motion to dismiss, we find that he has failed to prove that the State was not in fact ready for

trial within the prescribed time period. Appellant's motion to dismiss filed under the Speedy Trial Act was properly overruled.

■ Appellant has failed to bring forward or brief the overruling of his motion to dismiss for lack of speedy trial based on the Sixth Amendment to the United States Constitution. Therefore, we need not pass upon that issue. *Henriksen v. State,* 500 S.W.2d 491, 496 (Tex.Cr.App.1973).

Finally, appellant contends that the trial court erred in admitting into evidence for enhancement purposes on punishment the prior felony conviction for escape alleged in the indictment. He argues that the prior conviction was for the felony offense of escape committed prior to the enactment of the 1974 Penal Code, but that he was indicted and convicted under the 1974 Code. Appellant was convicted of a first degree felony, and punishment was assessed at twenty years. If the prior conviction is valid, he was properly sentenced under Tex.Pen.Code Ann. § 12.42(c) (1974) to not less than fifteen years nor more than twenty years.

The prior felony conviction for escape, which is attacked by appellant, is founded upon an indictment returned into the district court of Fayette County in Cause No. 6649. Omitting formal parts thereof, the indictment reads:

that Charles Clinton Davis, hereinafter styled Defendant, on or about the 13th day of June A.D. 1973, . . . did then and there intentionally and knowingly escape from his confinement in the Fayette County Jail at LaGrange, Texas, where he was in the custody of T.J. Flournoy, Sheriff of Fayette County, Texas, when he, the said defendant was charged with the Felony offense of Burglary With Intent To Commit Theft alleged to have been committed on or about the 16th day of September, A.D. 1971, and charged with the Felony offense of Burglary With Intent to Commit Theft alleged to have been committed on or about the 29th day of September, A.D. 1971, and charged with the Felony offense of Burglary With Intent to Commit Theft alleged to have been committed on or about the 12th day of October, A.D. 1971. . . .

Since the offense of escape is alleged to have occurred on June 13, 1973, in order for the prior conviction to be valid, the indictment must be sufficient to allege the offense of escape as it was defined in the Penal Code prior to 1974. At the time appellant was indicted Tex.Pen.Code Ann. art. 353b, § 2 (1965) read:

If a prisoner while confined in prison . . . or while in the lawful custody of any officer shall escape or attempt to escape, he shall upon conviction for such escape or attempt to escape be confined in the penitentiary for not more than five (5) years.

Article 353b defines a "jail" as a prison within the meaning of the act and a "prisoner" as "any person who has been formally charged with or convicted of a felony."

The elements of the offense of escape under art. 353b necessary to be alleged in the indictment were that appellant:

1. was a person formally charged with an offense;

2. was confined in prison (jail); or

3. was in lawful custody of any officer; and

4. he escaped.

■ Looking to the indictment in Cause No. 6649, we hold that the elements of escape under art. 353b were sufficiently alleged. The judgment of conviction assessed confinement in the Texas Department of Corrections for four years, which was within the prescribed punishment under art. 353b. Contrary to appellant's assertion that the prior conviction was invalid, we hold that the indictment, judgment, and sentence in Cause No. 6649 clearly show that conviction was had under Tex.Pen. Code Ann. art. 353b (1965), and not under the current escape provision, Tex.Pen.Code Ann. art. 38.07 (1974).

The judgment of conviction is affirmed.