Tony TUCKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–84–00286–CR.

Court of Appeals of Texas,
El Paso.

Feb. 13, 1985.

**236**

J.K. "Rusty" Wall, Midland, for appellant.

Al Schorre, Dist. Atty., Midland, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is an appeal from a conviction for burglary of a habitation. The jury found true as to two enhancement counts and assessed punishment at ninety years imprisonment. We affirm.

■ In Ground of Error No. One, Appellant contends that the court erred in denying his motion to quash the indictment in that it simply alleged a habitation in Midland County, without greater specificity as to its locale. The contention is without merit in the context of the type of offense alleged. *Denison v. State*, 651 S.W.2d 754, 758 (Tex.Crim.App.1983); *Lane v. State*, 621 S.W.2d 172, 175 (Tex.Crim.App.1981); *Green v. State*, 578 S.W.2d 411 (Tex.Crim. App.1979); *Howard v. State*, 480 S.W.2d 191 (Tex.Crim.App.1972). Ground of Error No. One is overruled.

In Grounds of Error Nos. Three and Four, Appellant complains that the court improperly refused to charge the jury that State's witness Hector Marichalar was an accomplice as a matter of law and refused to submit his accomplice status to the jury as a fact issue. The burglary was carried out personally by Appellant, as depicted in the testimony of State's witness Robin Uballe. Uballe drove Appellant to the site, she circled the neighborhood while Appellant entered and removed the property and then drove him away from the scene. She did so with knowledge of his criminal intent. She assisted in locating buyers for the property and stored it in her vehicle in the interim. The jury was instructed that she was an accomplice as a matter of law and that her testimony had to be corroborated by other evidence tending to connect the Appellant to the commission of the offense. Tex.Code Crim.Pro. art. 38.14 (Vernon 1979).

The corroboration was provided by Marichalar, Uballe's former husband. On the date of the burglary, September 19, 1983, Uballe, Archie Montoya and Appellant drove to Marichalar's residence. Uballe and Montoya entered and asked Marichalar if he would like to buy a video cassette recorder and stereo. Appellant was waiting outside at the car. A possible price of $300.00 was mentioned inside, but once outside, Appellant took over the negotiations. He opened the trunk and displayed the

property. He haggled over price with Marichalar and eventually agreed to $250.00 When Marichalar declined to pay prior to seeing the equipment operate, Appellant took the VCR inside and connected it to Marichalar's television. The money was passed to Uballe. During the negotiations, the three visitors told Marichalar that the merchandise was stolen. Uballe was arrested in October, still in possession of the complainant's jewelry box. She gave a statement leading to Marichalar. When contacted by investigators, Marichalar turned over the VCR and recovered the stereo which he had already sold to another. Uballe subsequently pled guilty to burglary of a habitation.

■ In order to be classified as an accomplice, one must be susceptible to prosecution for the same offense with which the defendant is charged. *Russell v. State*, 598 S.W.2d 238, 249 (Tex.Crim.App. 1980); *Carrillo v. State*, 591 S.W.2d 876 (Tex.Crim.App.1979); *Ferguson v. State*, 573 S.W.2d 516 (Tex.Crim.App.1978). Commission of a different "downstream" offense, even with knowledge of the prior criminal act charged against the defendant, will not suffice. *Carrillo*, 591 S.W.2d at 882–883. Marichalar was by his own admission guilty of knowingly receiving stolen property, but there is no evidence of an affirmative act on his part to promote, encourage, assist or participate in the burglary in any manner. There was no error in refusing to instruct the jury that Marichalar was an accomplice as a matter of law, nor in refusing to submit such a factual issue for jury determination. Grounds of Error Nos. Three and Four are overruled.

■ Since there was no evidence that Marichalar was an accomplice to the burglary, it was not error to refuse to instruct the jury that two accomplices may not corroborate each other. Ground of Error No. Five is overruled.

■ The non-accomplice testimony of Marichalar, describing Appellant's possession and sale of the property admittedly stolen in the burglary, was sufficient to corroborate the testimony of accomplice Uballe. *Dodson v. State*, 646 S.W.2d 177 (Tex.Crim.App.1980); *Patton v. State*, 617 S.W.2d 255 (Tex.Crim.App.1981); *Davis v. State*, 645 S.W.2d 855 (Tex.App.—Austin 1982, PDRR). Ground of Error No. Two is overruled.

■ The State properly introduced penitentiary packets (State's Exhibits Nos. 12, 13 and 14) which demonstrated Appellant's six prior felony convictions. In Ground of Error No. Six, Appellant complains that he was unfairly prejudiced by the physical description attached to State's Exhibit No. 14 which stated that he had needle marks on his arm. The description does not expressly relate the marks to extraneous criminal acts on his part. Appellant now contends that this invited the jury to speculate as to his use of controlled substances. The needle mark reference can hardly compare with the proof of his prior convictions already before the jury. In addition to three convictions for burglary, the penitentiary packets depicted separate convictions for delivery of heroin, possession of heroin and possession of narcotics paraphernalia. The needle mark description was innocuous. Ground of Error No. Six is overruled.

■ The State alleged prior convictions in cause numbers 2794 and 5115 for enhancement purposes. Appellant contends in Ground of Error No. Seven that the State failed to prove the finality of these convictions. State's Exhibits Nos. 12 and 13 contain certified copies of the judgments and sentences in the alleged causes which, on their faces, appear to be regular and final. The State having made a prima facie showing of final conviction, the burden was upon the Appellant to produce evidence suggesting lack of finality. *Diremiggio v. State*, 637 S.W.2d 926, 927 (Tex.Crim.App. 1982); *Williams v. State*, 596 S.W.2d 862 (Tex.Crim.App.1980); *Johnson v. State*, 583 S.W.2d 399 (Tex.Crim.App.1979); *Ashley v. State*, 527 S.W.2d 302 (Tex.Crim.App. 1975). This he failed to do. Ground of Error No. Seven is overruled.

In his final ground of error, Appellant contends that there was no evidence that the offense for which he was convicted in cause number 5115 was committed after final conviction in cause number 2794. State's Exhibit No. 12 indicates that sentence was entered in cause number 2794 on September 21, 1961. The judgment in cause number 5115 recites that the underlying offense was committed on January 31, 1975. The recital of a commission date in a judgment of conviction is sufficient evidence upon which to evaluate the proper sequence of final conviction and subsequent commission of another offense. *Gutierrez v. State,* 555 S.W.2d 457 (Tex.Crim. App.1977); *Green v. State,* 542 S.W.2d 416 (Tex.Crim.App.1976); *Espinosa v. State,* 463 S.W.2d 8 (Tex.Crim.App.1971). The combined recitals of the two pertinent documents provided sufficient evidence to satisfy the indictment and Tex.Penal Code Ann. sec. 12.42(d) (Vernon Supp.1985). Ground of Error No. Eight is overruled.

The judgment is affirmed.