COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 WILLIAM ANTHONY
 MORRIS,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00349-CR
  
 Appeal from the
  
 238th District Court
  
 of Midland County, Texas 
  
 (TC# CR26,615) 
  
 
 


O P I N I O N

 

William Anthony Morris appeals his
conviction for burglary of a building, with punishment assessed by the trial
court.  We affirm.

Facts








William Anthony Morris was convicted
of burglarizing Burmass Publishing Company in
Midland, Texas.  Around 4 a.m. on
February 13, 2001, Midland Police Department Officers Steven McNeill and
Matthew Sowle were on patrol and observed a green
Nissan pickup truck creeping from an alley with its headlights off.  The truck bed was loaded with furniture,
computer equipment, and other items. 
Officer McNeill told Officer Sowle, who was in
another patrol car, that it looked like a possible burglary.  As the officers began following, the pickup
driver turned his headlights on.

When the two police cruisers turned
on their overhead lights indicating that the truck should pull over, the driver
of the green Nissan made an appearance of pulling over, then
accelerated.  The officers chased the
truck through alleys, all the while furniture, computers, and potted plants
falling from the back of the truck.  As
the truck turned onto a street, it appeared to Officer McNeill that one person
exited the vehicle and ran away.  The
chase ended abruptly as the truck Alost control, went into a full drift,
and crashed into a person=s yard striking a basketball goal that was cemented into the
ground.@ 
At that point, the driver and remaining passenger ran from the car.  While Officer McNeill remained with the
crashed vehicle pursuant to policy, Officer Sowle
chased the passenger on foot and tackled her to the ground.  The other two people that jumped from the car
were not located that night.








The young woman caught by Officer Sowle was fifteen-year-old Michelle Diaz, sister of
defendant Morris.  The testimony of
Detective Ben Chavez recounted, over defense objection, interviews with Diaz
and her sister Gloria Eli.  Initially,  Diaz maintained
that she did not know the men in the truck and was a runaway hitching a ride
from the two men.  After a while, Diaz
told a different story.  Diaz was at the
apartment of her sister, Gloria Eli.  In
the early morning, Gilbert Villareal and Morris
arrived with a clock, an answering machine, and several other items.  Eli asked if the items were stolen, and the
men said they had been given the items by a friend.  Villareal, Morris,
and Diaz then went to Wal-Mart.  Later,
for reasons unexplained, the three were back near the scene of the burglary
where they were spotted by Officers McNeill and Sowle.  Diaz told detectives that during the chase,
Morris said, AMan, I can=t get locked up.@

The police recovered a number of
items from Eli=s apartment, many belonging to Burmass Publishing Company. 
Eli was charged with the misdemeanor offense of receiving stolen
property over $50 but under $500.  Villareal reported his truck stolen.  The police arrested him while on the
investigation for falsely reporting a stolen vehicle and for his involvement in
the burglary.

Much of the evidence was admitted
through the testimony of the police and the detectives, including information
they received from Diaz while she was in custody at Culver Youth Home.

No accomplice witness testimony
instruction was necessary

Appellant Morris contends in his
first issue that Gilbert Villareal, Gloria Eli, and  Michelle Diaz
were all accomplices to the burglary for which Morris was convicted.  Because evidence from these three individuals
was admitted at trial, appellant contends he was entitled to an accomplice
testimony instruction pursuant to Texas Code of Criminal Procedure article
38.14.  We disagree.








An accomplice witness is one who
participated with a defendant before, during, or after the commission of a
crime.  Long v. State, 10 S.W.3d
389, 393 (Tex. App.--Texarkana 2000, pet. ref=d) (citing McFarland v. State,
928 S.W.2d 482, 514 (Tex. Crim. App. 1996); Kunkle v. State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986); Howard v. State 972 S.W.2d 121,
125 (Tex. App.--Austin 1998, no pet.)). 
A conviction cannot be had upon the testimony of an accomplice witness
unless corroborated by other evidence tending to connect the defendant with the
offense committed.  Corroboration is not
sufficient if it merely shows the commission of the offense.  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 1979); Long, 10 S.W.3d at 393.  The Aaccomplice witness rule@ reflects a legislative determination
that testimony of an accomplice witness should be viewed cautiously due to the
incentive to lie to avoid punishment or to shift blame to another person.  Id. (citing Blake v. State, 971
S.W.2d 451, 454 (Tex. Crim. App. 1998)).  The rule thus directs the jury to receive
testimony and consider that testimony with caution, considering the selfish
interests and possible corrupt motives of the witness.  Id. (citing Howard,
972 S.W.2d at 125).  An
out-of-court declaration of an accomplice, repeated in court by a
non-accomplice witness under an exception to the hearsay rule, may be
considered testimony of an accomplice subject to the requirement for
corroboration.  Bingham v. State, 915 S.W.2d 9, 9-10 (Tex. Crim. App. 1994).








A person is an accomplice if there is
sufficient evidence connecting him or her to the criminal offense as a
blameworthy participant.  Blake, 971 S.W.2d at 455. 
One who participates with the defendant before, during, or after the
commission of the crime for which the defendant is on trial is an accomplice as
a matter of fact.  Ex parte Zepeda, 819 S.W.2d 874, 875-76 (Tex. Crim. App. 1991) (citing Creel v. State, 754 S.W.2d
205 (Tex. Crim. App. 1988)).  Thus, one who is a party to the offense and
could be indicted for the offense is an accomplice.  Id. at 876; Tucker
v. State, 689 S.W.2d 235, 237 (Tex. App.--El Paso 1985, pet. ref=d).  One who is indicted for the same offense or a
lesser-included offense based upon the alleged participation in commission of
the greater offense is an accomplice as a matter of law.  Zepeda, 819 S.W.2d
at 876.  Commission of a different
Adownstream@ offense, even with knowledge of the
prior criminal act charged against the defendant, will not suffice.  Tucker, 689 S.W.2d at 237 (citing Carillo v. State, 591 S.W.2d 876, 882-83
(Tex. Crim. App. 1979)).

When an accomplice witness testifies,
it is the jury=s task to determine whether the
testimony has been sufficiently corroborated. 
Blake, 971 S.W.2d at 455.  If there exists no doubt or the evidence
clearly shows that a witness is an accomplice as a matter of law, then the
court is under a duty to instruct the jury as to the accomplice testimony rule.  Id. (citing DeBlanc
v. State, 799 S.W.2d 701, 708 (Tex. Crim. App.
1990)).  If the evidence presented by the
parties is conflicting, and it is not clear whether the witness is an
accomplice, the jury must initially determine whether the witness is an
accomplice as a matter of fact.  If the
evidence is conflicting, it is proper to leave the question of whether the inculpatory witness is an accomplice witness as a matter of
fact to the jury under instruction defining the term accomplice.  Id.








Here, where Morris contends that
three individuals with different roles in the trial are accomplices, we will
consider each individually.  First,
appellant concedes that the jury charge was not justified by any testimony from
Gilbert Villareal since he did not testify.  The State and all the witnesses were
expressly instructed not to mention anything that he may or may not have said
with regard to appellant.  Statements
attributed to Villareal thus did not mandate an
accomplice witness instruction.

Gloria Eli did testify at trial.  She was granted use immunity by the
prosecution for her testimony since at the time she was under indictment for
receiving stolen property.  Appellant
claims that this makes Eli an accomplice as a matter of law and fact.  This reflects a fundamental misunderstanding
as to the definition of accomplice. 
It is irrelevant that the prosecutor said, AYour Honor, these are statements of a
person who received stolen property, is a party to this offense, and part of
the conspiracy,@ when arguing to the judge that statements made by Eli to
Detective Chavez should be allowed as an exception to the hearsay rule.  What matters is how the record reflects Eli=s relationship to the crime for which
Morris is indicted.  See Blake, 971 S.W.2d at 455. 
The test is whether there is sufficient evidence in the record to
support a charge against the witness alleged to be an accomplice.  Id. (citing Morgan v. State,
171 Tex. Crim. 187, 346 S.W.2d 116, 118 (1961)).  In Blake, the court explained that to
determine whether witnesses were actually accomplices, the court examined the
record for evidence of the alleged accomplice=s participation in the crime.  Id. 
Whether the person is actually charged and prosecuted for their
participation is irrelevant to the determination of accomplice status; what
matters is the evidence on the record.  Id.








The record shows that  Eli was under indictment for the
misdemeanor offense of receiving stolen property at the time that she
testified.  This is not a lesser-included
offense of burglary of a building, even though, as Morris points out in his
brief, it is related to the crime.

An offense is a lesser-included
offense if:  (1) it is established by
proof of the same or less than all the facts required to establish the
commission of the offense charged; (2) it differs from the offense charged only
in the respect that a less serious injury or risk of injury to the same person,
property, or public interest suffices to establish its commission; (3) it
differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or (4) it consists of an
attempt to commit the offense charged or an otherwise included offense.  Tex. Code Crim. Proc. Ann. art. 37.09
(Vernon 1981); e.g., Feldman v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002). 
The crime of burglary of a building requires an entry into a building
without the effective consent of the owner with the intention to commit a
felony, theft, or an assault.  Tex. Penal Code Ann. ' 30.02 (Vernon 1994 & Supp. 2003).  Since burglary is complete upon entry with
requisite intent, and receipt of stolen property is a downstream offense that
has nothing to do with the entry, it is not a lesser-included offense.  That theft by receiving is not a lesser-included
offense of burglary is well established. 
Dean v. State, 938 S.W.2d 764, 770 (Tex.
App.--Houston [14th Dist.] 1997, no pet.).








But this does not end our
inquiry.  The record does not show any
involvement at all of Eli in the burglary. 
She asked, when given the items in question, if they were stolen.  They replied that the items were not.  Eli was not found with the two men when the
police chase took place.  No evidence in
the record suggests that Eli participated with  Morris before, during, or after the
commission of the burglary.  We conclude
she is neither an accomplice in law nor in fact.  Her testimony is, therefore, admissible
without triggering the requirement of an accomplice witness testimony
instruction to the jury. 

Finally, although Diaz did not
testify at trial, some of her statements did inform the testimony of the
detectives.  This activates a concern for
the rule that an out-of-court declaration of an accomplice, repeated in court
by a non-accomplice witness under an exception to the hearsay rule, may be
considered testimony of an accomplice subject to the requirement for
corroboration.  Bingham, 915 S.W.2d at 9-10. 
Of particular significance is the statement relayed from Diaz to
Detective Chavez that, during the chase, Morris said, AMan, I can=t get locked
up.@[1] 
The court allowed Detective Chavez to testify to what he heard from Diaz
under the ruling that it was Aadmission by a party upon a statement by a co-conspirator.@








The record reflects that Diaz was at
Eli=s house when Morris and Villareal arrived with items from Burmass
Publishing Company.  Like Eli, at this
point Diaz had not done any act that furthered the burglary.  Although the two men and Diaz did leave for
Wal-Mart, and were later spotted near the scene of the burglary, there is no
evidence that the three reentered the building or did anything in furtherance
of the burglary.  The two men may have
taken Diaz to the scene to boast or there may have been a second entry, but no
evidence exists in the record to even raise a question of fact that could be
suggestive of  Diaz=s involvement as an accomplice in any
way.  Merely being present at the scene
of a crime, or even knowing of the crime without acting in its furtherance,
does not make a person an accomplice.  Long, 10 S.W.3d at 393-94 (citing Blake, 971 S.W.2d
at 454; Kunkle, 771 S.W.2d at 439).  The record does not justify considering Diaz
to be an accomplice to Morris=s burglary of Burmass Publishing
Company.

In this case, none of the evidence
stemming from the three persons claimed to be accomplices justified an
instruction concerning accomplice testimony. 
Villareal did not serve as a witness.  Eli was a witness, but is not an accomplice
in fact or in law, nor was 
Diaz.  As neither Eli nor
Diaz were accomplices, nothing triggered corroboration
requirement regarding their testimony.  Tex. Code Crim. Proc. Ann. art.
38.14 (Vernon 1979). 
Further, if the evidence is clear that the witnesses are not accomplice
witnesses, no instruction need be given to the jury either that the witness is
an accomplice as a matter of law, or in the form of a fact issue whether the
witness is an accomplice witness.  Long,
10 S.W.3d at 394 (citing Gamez v. State,
737 S.W.2d 315, 322 (Tex. Crim. App. 1987)).  Appellant=s first issue is overruled.








Hearsay

Morris=s second issue claims that the trial
court erroneously admitted hearsay testimony over appellant=s timely objection.  Much of Morris=s claims regarding hearsay are
dependent upon findings that Eli and Diaz were accomplices.  His arguments are put forth in alternative
language in case this Court finds, as we have, that the two witnesses were not
accomplices.  Thus, the only standing
arguments by appellant concerning the admission of hearsay testimony pertain to
the testimony of Detective Chavez regarding information he received from Diaz
while she was in custody.








We review a decision of the trial
court to admit hearsay on an abuse of discretion standard.  See Bingham v. State, 987 S.W.2d 54,
57 (Tex. Crim. App. 1999) (citing Coffin v. State,
885 S.W.2d 140, 149 (Tex. Crim. App. 1994)).  The State argues that Morris=s failure to object to the same
testimony elicited through the testimony of Detective Manuel Beltran acts as a
waiver of complaint, as the same evidence was admitted elsewhere without
objection.  Gillum
v. State, 888 S.W.2d 281, 285 (Tex. App.--El Paso 1994, pet. ref=d) (citing Ethington
v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991); Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim.
App. 1984)).  We agree that waiver
occurred here with one exception. 
Detective Chavez testified that Diaz reported that during the chase  Morris himself
said, AMan, I can=t get locked up.@ 
Detective Beltran=s testimony, in contrast, was that Diaz told him, ASo while they were getting chased by
the police, William Morris and Gilbert Villareal were
talking about the fact that they couldn=t go back to jail.@ 
Whereas the testimony of Detective Chavez attributes an exact statement to  Morris, the
testimony of Detective Beltran does not; rather, it vaguely states that a very
similar conversation was ongoing while the truck was fleeing the police.  For this reason, the admission of that one
statement through Detective Chavez must be analyzed for an abuse of discretion
by the trial court.

Appellant correctly recognizes that
the chain of hearsay that allows the statement from Morris to Diaz, then from
Diaz to Detective Chavez, then from Detective Chavez to the jury, requires that
each layer of hearsay must be admissible under an exception to the hearsay
rule.  Tex.
R. Evid. 805; Knox v.
Taylor, 992 S.W.2d 40, 64 (Tex. App.--Houston [14th Dist.] 1999, no pet.).  Originally, the trial court allowed the
statement because Athese are admissions by the Defendant against interest.@ 
This was allowed after the trial court, several moments earlier allowed
Detective Chavez to testify as to statements made by Diaz because any statement
by her to the Detective was an Aadmission by a party upon a statement by a co-conspirator.@

When Morris said, AMan, I can=t get locked up,@ this was a statement against his
interest exposing him to criminal liability. 
Tex. R. Evid.
803(24).  The
rule further requires that AIn criminal cases, a statement tending
to expose the declarant to criminal liability is not
admissible unless corroborating circumstances clearly indicate the
trustworthiness of the statement.@ 
Id.  The chase and Morris=s possession of items eventually
linked to the burglary are sufficient to show corroborating circumstances.








The second layer of hearsay, when
Diaz told Detective Chavez of the statement, must also be found
admissible.  This is more
problematic.  The trial court found the
statements admissible as non-hearsay as defined in rule 801(e)(2)(E).  That rule provides that a statement is not
hearsay if it is a statement offered against a party and is Aa statement by a co-conspirator of a
party during the course and in furtherance of the conspiracy.@ 
Although there is no mention of what crime Diaz conspired to commit, the
trial court=s finding that she was not an
accomplice implies it was not the burglary. 
In order to avail itself of the co-conspirator exception, the State must
show that conspiracy existed, that the statement was made during course and in
furtherance of conspiracy, and that both the declarant
and the defendant were members of the conspiracy.  Deeb v.
State, 815 S.W.2d 692, 696 (Tex. Crim. App. 1991),
cert. denied, 505 U.S. 1223, 112 S.Ct. 3038,
120 L.Ed.2d 907 (1992).  No such
foundation of a conspiracy exists.  That
Diaz was picked up at the scene of the crime does not prove any such
conspiracy, just as it cannot prove that Diaz was an accomplice in the crime
for which Morris was indicted.  It is
also not clear that this statement to Detective Chavez by Diaz was in any way
against her interests, so rule 803(24) does not clearly provide for
admissibility.  Thus, we conclude the
trial court abused its discretion in finding that Diaz was a co-conspirator
with Morris.








Having found error, this Court must
determine if that error was harmful.  The
admission of inadmissible hearsay constitutes non-constitutional error.  Lee v. State, 21 S.W.3d
532, 538 (Tex. App.--Tyler 2000, no pet.) (citing
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim.
App. 1998)).  Non-constitutional errors
that do not affect substantial rights do not warrant reversal.  Id.; Tex. R. App. P. 44.2(b).  This Court must examine the record as a whole
to determine whether the error influenced the jury verdict.  Lee, 21 S.W.3d at
538-39.  An error is harmless if
the reviewing court determines that no substantial rights of the defendant were
affected because the error did not influence or had
only a slight influence on the verdict.  Id.
at 539 (citing Fowler v. State, 958 S.W.2d 853, 865 (Tex. App.--Waco
1997), aff=d, 991 S.W.2d 258 (Tex. Crim.
App. 1999)).  However, a substantial
right is affected when the error has a substantial and injurious affect or
influence in determining the jury=s verdict.  Id. (citing King v. State, 953 S.W.2d
266, 271 (Tex. Crim. App. 1997)).  If this Court cannot say that the judgment
was not substantially swayed by the error, it is impossible to conclude that
substantial rights were not affected.  Id.








Here we have a conversation in which
Morris and Villareal mentioned that they could not go
back to jail properly in evidence, with no objection, through the testimony of
Detective Beltran.  The only difference
between that testimony and the testimony of Detective Chavez is that the latter
attributes the statement directly to  Morris.  Is this a difference that creates harm to
Morris?  We find that, in light of the
record as a whole, it does not.  Other
testimony by Detective Beltran has Diaz placing Morris in the truck as it fled
the police.  Further, the testimony of
Eli places Morris with the property at her apartment early on the morning of
February 13, 2001.  Hearsay attributing
the statement to Morris himself is unlikely to have influenced the jury in
their determination that Morris committed burglary.  Any conclusions that the jury could have
drawn from this information was provided by other evidence in the record.  Therefore, we conclude that no harm resulted
from the erroneous admission of the hearsay statement.  For this reason, the second issue is
overruled.

Conclusion

For the foregoing reasons, the
judgment of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

January 30, 2003

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)

 











[1]Clearly,
any statement made from Morris to Diaz, then from Diaz
to Detective Chavez, which was ultimately testified to by Detective Chavez as a
statement made by Morris during the pursuit will require an analysis under the
rules of hearsay.