COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERT CORTEZ MATLOCK, | § | |
| | | No. 08-07-00227-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 380th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Collin County, Texas |
| | § | |
| Appellee. | | (TC# 380-82616-05) |
| | § | |

**O P I N I O N**

Appellant Robert Cortez Matlock appeals his conviction for burglary of a habitation. A jury sentenced Appellant to 5 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Appellant challenges the trial court's denial of his motion to suppress evidence and the sufficiency of the evidence supporting the conviction.

Scott Coxwell was the manager at Mr. Jim's Pizza in Plano on July 8, 2005. Mr. Coxwell testified that at approximately ten minutes before closing, Appellant came in wearing a ski mask and gloves. Appellant pointed a gun at Mr. Coxwell and a co-worker, yelled at them to get on the floor, and demanded the money from the register. Appellant pressed the gun to Mr. Coxwell's head while the other employee pulled the cash out of the register. The employee handed the cash over the counter to Appellant, who then turned and ran out of the store. Immediately after Appellant fled, Mr. Coxwell called 9-1-1. The description he gave to Plano police was of a male, 5' 10" to 5' 11", between 200 and 205 pounds, with distinctive eyes.

The individual's eyes were the only part of the robber's face not covered by the mask and the only facial feature Mr. Coxwell could identify. However, Mr. Coxwell was also able to describe the gun used during the crime as a chrome colored revolver with a wood grain grip.

The jury was told that there had been a rash of stolen vehicles in the area around Appellant's neighborhood in Plano. On July 15, one week following the robbery at Mr. Jim's Pizza, the home of Dan and Sandra Self was burglarized by Appellant and an accomplice named Cameron Black. Mr. and Mrs. Self awoke to discover their two vehicles, a 2000 Chevrolet Tahoe and a 2005 Nissan Pathfinder, were missing from their garage. The couple reported the thefts, and police investigators entered the Tahoe and Pathfinder's information into a police database so that officers could identify the stolen vehicles if they happened to come upon them.

Two days later, on July 17, the Pathfinder was located not far from the Self's home and police immediately set up surveillance. At approximately 10:45 p.m., the surveilling officer, Officer John Hoffman, saw a Mitsubishi Endeavor pull up beside the Pathfinder and saw two individuals leave the Mitsubishi and get into the Pathfinder. The officer was spotted in his unmarked patrol car, the Mitsubishi and the stolen Pathfinder sped off with Officer Hoffman in hot pursuit. Officer Hoffman testified at trial that he estimated the Pathfinder must have been traveling between ninety and one hundred miles per hour. Moments later, the Pathfinder lost control attempting to make a turn. The SUV jumped the curb, traveled across the yard of a private residence, and plowed straight into the bedroom of a small child. The Pathfinder's occupants fled the scene immediately following the crash. A neighbor witnessed the two running away. She described one of the fleeing individuals as a female and later identified that person as Emily Johnson. The other individual in the stolen Pathfinder was later identified through DNA

found on a cigar on the driver's side floorboard as Cameron Black.

Meanwhile, two other officers who were responding to the scene of the accident received a dispatch to Appellant's home which was nearby where the crash occurred. The dispatcher told the officers they were being sent to the residence of a suspect believed to be involved with the stolen Pathfinder that had just crashed. Officer Cliff Turrubiarte was one of the officers dispatched to Appellant's residence. After knocking on Appellant's door with no response, the other officer noticed the garage light switched on and off abruptly. The officers moved towards the garage as the door was being raised. Once open, Officer Turrubiarte saw the Mitsubishi Endeavor with several occupants inside and Appellant standing in the doorway leading into the house. One of the people inside the Mitsubishi was identified as Emily Johnson, the female who had fled from the scene of the accident. The Mitsubishi's front passenger was Brandon Ware. Mr. Ware later admitted to participating in the robbery of Mr. Jim's and the Self home.

Two days after the crash, Ms. Johnson and Mr. Black gave statements to Detective Jeff Kranz of the Plano Police Department. Ms. Johnson advised Detective Kranz that about two weeks prior, Appellant had robbed Mr. Jim's Pizza when it was about to close wearing a ski mask. She stated that Brandon Ware was driving the car that night, and that Mr. Black, another girl, and herself were involved in the plan. They dropped Appellant off at Mr. Jim's and met back at Appellant's house after the robbery.

Mr. Black informed Detective Kranz that he and Appellant had stolen a Chevrolet suburban from a residence and left it parked on a street nearby. He also stated that Appellant kept a black backpack containing a ski mask, gloves, and multiple sets of car keys in his bedroom. On July 20, 2005, Detective Kranz obtained a search warrant based on information

from Emily Johnson and Cameron Black. The search of Appellant's home yielded a .32 caliber chrome revolver with a wood grip, matching the description of the gun used in the robbery of Mr. Jim's Pizza. The police also located a pair of gloves, a backpack, and a boot containing several sets of car keys.

A month following the robbery at Mr. Jim's, Plano Police Detective Billy Meeks interviewed the manager of Mr. Jim's Pizza, Scott Coxwell. He showed Mr. Coxwell a photo of the gun seized during the search of Appellant's garage and a photo of Appellant. Mr. Coxwell identified the gun as the one used in the robbery, and although he could only recall the robber's eyes, he told Detective Meeks that the eyes of the man in the photo matched those of the robber. Mr. Coxwell later identified Appellant during his testimony at trial as the person who robbed him at Mr. Jim's on July 8, 2005.

Appellant was charged with aggravated robbery, burglary of a habitation, and two counts of organized criminal activities based on the events of July 8 and July 14, 2005.[1] Appellant was convicted of all charges and sentenced to serve eight years' for the aggravated robbery, five years' for burglary, and five years' for the each count of engaging in organized criminal activities. Appellant raises two issues on appeal. In Issue One, Appellant contends the trial court erred by denying his motion to suppress evidence because the warrant and search of his residence was not supported by probable cause. In Issue Two, Appellant asserts the evidence is factually insufficient to support the convictions because the accomplice witness testimony was insufficient

---

[1] Appellant's convictions for aggravated robbery and organized criminal activities are addressed in two companions to this appeal. *See Matlock v. State*, No. 08-07-00225-CR (Tex.App.--El Paso Sept. 16, 2009, no pet.h.) and *Matlock v. State*, No. 08-07-00226-CR (Tex.App.--El Paso Sept. 16, 2009, no pet.h.).

to identify Appellant as the perpetrator of the offenses.

In Issue One, Appellant alleges the trial court erred in denying his motion to suppress evidence from the search and seizure of Appellant's residence. We review a trial court's ruling on a motion to suppress with a bifurcated standard, giving almost total deference to the trial court's determination of historical facts, and reviewing *de novo* the court's application of the law to those facts. *See Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002). When, as in this case, the trial court does not file explicit findings of fact we will review the evidence in the light most favorable to the trial court's ruling. *Id.*

Appellant moved to suppress all physical evidence discovered during the Plano Police Department's search of his residence on July 20, 2005. Appellant argued that the evidence was seized illegally because the search warrant was not supported by probable cause. Appellant contends that Detective Kranz's affidavit was deficient because it relies on information provided by criminal informants and was not verified before conducting the search.

Probable cause to support the issuance of a search warrant exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant was issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex.Crim.App. 1986). The Texas Code of Criminal Procedure requires that a search warrant be supported by a sworn affidavit setting forth substantial fact establishing probable cause. *See* TEX.CODE CRIM.PROC.ANN. art. 18.01(b)(Vernon Supp. 2008). The affidavit must include sufficient facts to establish probable cause:

(1)     that a specific offense has been committed,

(2)     that the specifically described property or items that are to be

searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and

(3)     that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

TEX.CODE CRIM.PROC.ANN. art. 18.01(c).

We examine the totality of the circumstances to determine whether probable causes exists. *See Dixon v. State*, 206 S.W.3d 613, 616 (Tex.Crim.App. 2006); *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex.Crim.App. 1995). When a probable cause affidavit specifies a named informant as supplying the information upon which probable cause is based, the affidavit is sufficient if it is sufficiently detailed to suggest direct knowledge on the informant's part. *Wilkerson v. State*, 726 S.W.2d 542, 545 (Tex.Crim.App. 1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). In addition, when a named informant makes a declaration against their penal interest in front of an officer, these circumstances indicate a substantial basis that the informant's statements are trustworthy. *See Hennessy v. State*, 660 S.W.2d 87, 91 (Tex.Crim.App. 1983).

In this instance, Detective Kranz's affidavit states that Ms. Johnson and Mr. Black came forward, identified themselves, and admitted to their participation in committing the charged offenses along with Appellant. According to the warrant affidavit, both individuals advised Detective Kranz that they participated in the robbery at Mr. Jim's Pizza and the burglary of the vehicles along with Appellant. Furthermore, Ms. Johnson and Mr. Black were able to describe the items of interest, as well as the locations of the items within Appellant's residence based on their personal knowledge.

In sum, two separate and independent accomplice witnesses gave detailed statements regarding the potential evidence located in Appellant's house, and their statements included admissions that they had both engaged in criminal activities. Therefore, based on the totality of the circumstances, we conclude Detective Kranz's demonstrated the veracity and direct knowledge of the witnesses and the warrant contained sufficient information on which the magistrate could have concluded probable cause existed. Accordingly, Issue One is overruled.

In Issue Two, Appellant alleges that the evidence was factually insufficient to support his convictions. In a factual sufficiency review, we consider all the evidence in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Evidence is factually insufficient if: (1) the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. *Id*. In addition, our review should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); *see also Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)(factual sufficiency review still requires "due deference" be given to the jury's determinations).

Specifically, Appellant argues that the State failed to carry its burden to identify Appellant as the individual who committed the charged offenses because the State's evidence of identity was limited to accomplice witnesses testimony.[2] A conviction cannot rest on the

_____

[2] The indictment charged Appellant with:
(COUNT I)

testimony of an accomplice unless corroborated by other evidence that tends to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 2005). The test for determining whether sufficient corroborating evidence exists asks whether, absent the accomplice witness testimony, the remaining evidence tends to connect the defendant to the offense. *See McDuff v. State*, 939 S.W.2d 607, 612 (Tex.Crim.App. 1997). However, the non-accomplice evidence need not be sufficient itself to establish the accused's guilt beyond a reasonable doubt. *Hernandez v. State*, 939 S.W.2d 173, 176 (Tex.Crim.App. 1997). Proof that connects appellant to a weapon used in the offense is sufficient corroborative evidence. *See Cockrum v. State*, 758 S.W.2d 577, 582 (Tex.Crim.App. 1988). In determining the strength of a particular item of non-accomplice evidence, we examine: (1) its reliability or believability; and (2) the strength of its tendency to connect the defendant to the crime. *Johnson v. State*, 234 S.W.3d 43, 54 (Tex.App--El Paso 2007, no pet.), *citing Herron v. State*, 86 S.W.3d 621, 632 (Tex.Crim.App. 2002).

As a preliminary matter regarding Appellant's conviction for burglary of a habitation, the State argues that Ms. Johnson was not an accomplice and therefore her testimony is not subject to the accomplice witness rule. In order to be classified as an accomplice, one must be susceptible

intentionally and knowingly, without the consent of Sandra Self, the owner thereof, enter a habitation with the intent to commit theft, attempt to commit theft, and commit theft of property, namely: a 2000 Chevrolet Tahoe;

(COUNT II)

intentionally and knowingly, without the effective consent of Dan Self, the owner thereof, enter a habitation with the intent to commit theft, attempt to commit theft, and commit theft of property, namely: a 2005 Nissan Pathfinder.

to prosecution for the same offense with which the defendant is charged. *See Gamez v. State*, 737 S.W.2d 315, 322 (Tex.Crim.App.1987); *Tucker v. State*, 689 S.W.2d 235, 237 (Tex.App.-- El Paso 1985, pet. ref'd). Commission of a different, "downstream" offense, even with knowledge of the prior criminal act charged against the defendant will not suffice. *Tucker*, 689 S.W.2d at 237. While her admissions to Detective Kranz indicated that Ms. Johnson was involved with the robbery at Mr. Jim's pizza, there is no evidence of any affirmative actions on her part to promote, encourage, assist, or participate in the burglary of the Self's vehicles. Although Ms. Johnson may be subject to prosecution for the offense of unauthorized use of a vehicle by using the Nissan Pathfinder with Mr. Black on July 17, this is a "downstream" offense off the actual burglary, and does not make Ms. Johnson an accomplice to the greater offense. *See id*. Accordingly, Ms. Johnson's testimony need not be eliminated from consideration under the accomplice witness rule because there is no evidence to support her classification as an accomplice to the burglary of the Self's home. *See Gamez*, 737 S.W.2d at 322; *see also Tucker*, 689 S.W.2d at 237 (holding there was no error in refusing to instruct the jury regarding the accomplice witness rule regarding a particular individual because there was no evidence to indicate that individual was an accomplice to the charged offense.)

Eliminating only Mr. Black and Mr. Ware's testimony from consideration, the other evidence that tends to connect Appellant to the burglary offenses includes: (1) Ms. Johnson's testimony that in mid-July Appellant was driving a Chevrolet Tahoe; (2) evidence that the Tahoe Appellant was driving matched the description of the Tahoe stolen from the Self's home; (3) the Tahoe was located in the parking lot at Appellant's sister's apartment; (4) after crashing the Nissan Pathfinder, Ms. Johnson testified that she sought refuge in Appellant's house; (5) the

Pathfinder was parked a short distance from Appellant's house; (6) Appellant was in the vehicle that dropped Ms. Johnson and Mr. Black off at the Pathfinder prior to the crash; (7) evidence that it was Appellant's plan, after the Pathfinder crashed, to tell the police they did not know who was driving the vehicle, to try and protect Mr. Black; (8) Appellant was one of the individuals police found trying to leave his house after the Pathfinder crash; (9) the Mitsubishi in Appellant's garage was the same Mitsubishi the surveillance officers witnessed drop Ms. Johnson and Mr. Black off at the Pathfinder; and (10) the detectives' discovery of an assortment of vehicle keys hidden in a boot in Appellant's bedroom, combined with evidence that there was no forced entry damage to the Tahoe. Having eliminated the accomplice witness testimony from our analysis, we conclude that the non-accomplice evidence does tend to connect Appellant to the offense sufficiently to corroborate the testimony of the accomplice witnesses. Accordingly, Appellant's factual insufficiency argument fails, and Issue Two is overruled.

By cross-point, the State requests that this Court modify the trial court's judgment which orders Appellant's aggravated robbery, engaging in criminal activities, and burglary sentences to run consecutively. The State concedes that Appellant was not convicted of the types of offenses which require consecutive sentencing. *See* TEX.PENAL CODE ANN. § 3.03(b)(Vernon Supp. 2008)(when an accused is convicted of multiple offenses arising out of the same criminal episode sentences run concurrently unless the sentence is for an intoxication, solicitation of a minor, or sexual offense). This Court has the authority to modify a trial court's judgment and affirm the judgment as modified. *See* TEX.R.APP.P. 43.2(b). We therefore modify the trial court's judgment and order Appellant's sentences to run concurrently.

Having overruled both of Appellant's issues, we affirm the judgment of the trial court as

-10-

modified.

September 16, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)

(Do Not Publish)