Robert Ferdinand FOWLER, Appellant,

v.

The STATE of Texas.

No. 0075–98.

Court of Criminal Appeals of Texas,
En Banc.

March 31, 1999.

Walter M. Reaves, Jr., West, for appellant.

Laura M. Alaniz, Assist. DA, Waco, Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

HOLLAND, J., delivered the opinion of the Court, in which McCORMICK, P.J., MANSFIELD, KELLER, and WOMACK JJ., joined.

A jury convicted appellant of aggravated kidnapping. TEX. PENAL CODE ANN. § 20.04. The trial court assessed appellant's punishment at life imprisonment.

The Tenth Court of Appeals affirmed appellant's conviction. *Fowler v. State*, 958 S.W.2d 853 (Tex.App.—Waco 1997).

In three points of error, appellant complained on appeal of the admission of testimony from a family violence counselor whom the State called as an expert. This counselor testified generally regarding domestic violence and its effects on victims. She also testified as to her counseling of the victim in this case. The Tenth Court of Appeals concluded the trial court erred in admitting the testimony. *Fowler v. State*, 958 S.W.2d at 864.[1] The Tenth Court then applied Tex.R.App. P. 44.2(b) to determine whether the error was harmless. The Tenth Court concluded appellant's substantial rights were not affected by the erroneous admission of the expert's testimony. *Fowler*, 958 S.W.2d at 866. In reaching this conclusion, the Tenth Court in dicta conceded it would have reached a different result if it had applied former Rule 81(b)(2). *Id.* The Tenth Court of Appeals affirmed the trial court's judgment. *Id.*

This Court granted review of appellant's petition on two grounds: first, whether the Tenth Court of Appeals erred in relying upon Rule 44.2 without considering if retroactive application of Rule 44.2 would result in an injustice to appellant; and second, whether "Rule 44.2 is a retroactive law under the Texas Constitution, where it alters valuable, substantive rights possessed by all defendants whose cases were already under submission when the rule took effect." This Court affirms the judgment of the Tenth Court of Appeals.

■ In his first ground, appellant argues the Tenth Court erred when it applied Rule 44.2,[2] which went into effect while his appeal was pending, because the Tenth Court's application of Rule 44.2 caused him to suffer an injustice. Appellant bases his argument on the Tenth Court's concession that it would have reached a different result if it had applied the standard for conducting a harmless error review under the former Rule 81(b)(2)[3] to the error in this case. *See Fowler*, 958 S.W.2d at 866. Appellant asserts in his petition that "Rule 81(b)(2) granted certain rights governing the review of criminal cases" to him and other defendants. Appellant states when the Tenth Court rejected Rule 81(b)(2) and applied Rule 44.2 it changed the outcome of his appeal. This alteration in the outcome of his appeal is the injustice of which

1. Appellant argued the State did not establish the reliability or relevancy of Gregory's testimony. The Tenth Court of Appeals concluded it was necessary under Rule 702 of the Rules of Criminal Evidence for the State to prove that Gregory's testimony was expert testimony based on "scientific knowledge" that would help the trier of fact to understand the evidence or determine a fact in issue. *Fowler v. State*, 958 S.W.2d at 860. Applying the *Kelly* test, this Court concluded "the State failed to present sufficient evidence of the validity of the scientific theories underlying Gregory's testimony and the validity of the techniques used to apply the theories." *Fowler v. State*, 958 S.W.2d at 864. *See Kelly v. State*, 824 S.W.2d 568 (Tex.Crim.App.1992). Specifically, the Tenth Court of Appeals determined that the State "as the proponent of this evidence, failed to make an adequate showing of a valid underlying scientific theory, a valid technique applying the theory, or that any technique at all was applied in the present case." *Id.*As such, the Tenth Court of Appeals

concluded Gregory's testimony was improperly admitted. *Id.*

2. Rule 44.2 provides:

(a) *Constitutional error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) *Other errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

3. Former Rule 81(b)(2) sets out:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate record shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or the punishment.

appellant complains. Appellant argues he was denied justice on appeal because the Tenth Court of Appeals applied Rule 44.2 rather than Rule 81(b)(2)in order to deny him the relief he otherwise would have received. We find appellant's characterization of the opinion of the Tenth Court of Appeals without merit.

The Tenth Court of Appeals applied the harmless error standard of Rule 44.2 in appellant's case because that was the rule in effect at the time of appellant's appeal.[4] Illustrating the difference between Rules 44.2 and 81(b)(2), the Tenth Court of Appeals noted that under former Rule 81(b)(2), it "could not say beyond a reasonable doubt that the testimony did not contribute to the conviction. However, in applying the less stringent new rules, we reach a different result." *Fowler*, 958 S.W.2d at 866. Appellant then received that to which he was entitled. Appellant was entitled to nothing more than an appellate review of his conviction. Appellant's contention that he is entitled to a reversal of his conviction is also without merit. Appellant suffered no injustice by virtue of the Tenth Court's application of the harmless error rule in effect at the time of the disposition of his appeal. Appellant's first ground for review is overruled.

■ In his second ground for review, appellant argues "Rule 44.2 is a retroactive law under the Texas Constitution because it alters valuable, substantive rights possessed by all defendants whose cases were already under submission when the rule took effect." Appellant claims the Texas Constitution contains two separate guarantees: a guarantee against retroactive laws and a guarantee against ex post facto laws.[5] He asserts a statute can be a retroactive law without constituting an ex post facto law.[6]

Appellant argues that an ex post facto law are laws which "make an act criminal that was not, or increased the punishment for a crime already committed." In contrast, he argues a retroactive law is one which "disturbs vested, substantive rights." Appellant asserts this Court recognized this distinction between retroactive laws and ex post facto laws in *Grimes v. State*, 807 S.W.2d 582 (Tex.Crim.App. 1991). Appellant also relies on two appeals from civil cases to support this argument. The vested, substantive right which appellant claims was disturbed by the Tenth Court's application of Rule 44.2 was his right to the "standard of review which has been in existence for a number of years."

This Court was asked to decide whether application of Tex.Code Crim. Proc. Ann. art. 44.29(b) violated the ex post facto provision and the retroactive law provision of the Texas Constitution in *Grimes*.[7] After concluding that application of Article

---

4. Appellant was convicted on August 1, 1996. Appellant filed his brief with the Tenth Court of Appeals on February 14, 1997. The State filed its response brief on July 11, 1997. Rule 44.2 became effective on September 1, 1997. *See* Order Approving the Texas Rules of Appellate Procedure, Misc. Docket No. 97–9134 (Tex. Aug. 15, 1997). The appeal was argued on October 1, 1997.

5. Tex. Const. art. I, § 16 provides:
   No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligations of contract, shall be made.

6. Appellant does not argue that the Tenth Court's application of Rule 44.2 violated the Texas Constitution's prohibition of ex post facto laws.

7. In *Grimes*, this Court reviewed a decision by the Amarillo Court of Appeals to reverse a conviction and remand for a hearing on punishment only pursuant to Article 44.29(b). Article 44.29(b) "became effective after appellant's trial but before his conviction was reversed on appeal." *Grimes*, 807 S.W.2d at 583. Prior to enactment of Article 44.29(b), a conviction would be reversed and remanded for a completely new trial if the appellate court concluded an error occurred during the punishment stage of the trial. Pursuant to Article 44.29(b), a conviction would be reversed and remanded for a new punishment hearing only when the error was found to have occurred during the punishment stage.

44.29(b) in that case did not violate the ex post facto law provision of the Texas Constitution, this Court then addressed the retroactive law provision of the Texas Constitution. This Court assumed "without deciding, that Article I, Section 16's proscription against retroactive legislation is applicable to criminal cases." *Grimes,* 807 S.W.2d at 587. This Court concluded the retroactive law provision had never been applied "to statutes merely affecting matters of procedure which do not disturb vested, substantive rights." *Id.* This Court then explained, "[c]learly, a defendant has no vested right to an entirely new trial when errors relating only to the assessment of his punishment are committed." *Grimes,* 807 S.W.2d at 587.

In support of this conclusion in *Grimes,* this Court relied on the concurrence in *Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

> The mere possibility of a capricious and unlikely windfall is not the sort of procedural protection that could reasonably be judged substantial from the perspective of the defendant at the time the offense was committed.

497 U.S. at 61, 110 S.Ct. at 2729. This Court concluded "the State's constitutional prohibition against retroactive legislation is not violated by Article 44.29(b)'s application in the trial court to cases which have been reversed on appeal for errors committed only in the punishment phase of trial." *Grimes,* 807 S.W.2d at 588.

When we handed down *Ex parte Davis,* 947 S.W.2d 216 (Tex.Crim.App.1996), we relied on our conclusion in *Grimes* regarding how to resolve the question of what constitutes a retroactive law. In *Ex parte Davis,* this Court was asked whether the Legislature's decision to restrict the number of applications for writ of habeas corpus which an inmate sentenced to death could file could be applied retroactively to death penalty litigants. *See* TEX.CODE CRIM. PROC. ANN. art. 11.071 § 5. This Court relied on *Grimes v. State* to conclude application of Article 11.071 § 5 did

not violate the Texas Constitution's prohibition of retroactive laws.

In light of our holding above that Article 11.071's provisions are the Legislature's enactment effecting and implementing the constitutional right of writ of habeas corpus, we are constrained to hold that such provisions in the Code of Criminal Procedure are indeed procedural and are thus outside the purview of the "retroactive law" prohibition.

*Ex parte Davis,* 947 S.W.2d at 220.

■ In this case, appellant claims a vested and substantive right in the application of the former Rule 81(b)(2) because he would be granted relief under that rule. This Court disagrees. This Court concludes the possibility of an appellate error being found to be harmless does not constitute a vested and substantive right. Rather, it is the right to appeal a conviction which constitutes such a right. The procedural mechanisms for reviewing that conviction are not a vested and substantive right.

■ This Court concludes the change in the standard of review from former Rule 81(b)(2) to Rule 44.2 involved no more than the procedure by which an appellate court will assess whether an error calls for the reversal of a judgment. We conclude the Tenth Court's application of Rule 44.2 did not violate the Texas Constitution's prohibition of retroactive laws. *Grimes,* 807 S.W.2d at 587; and *Ex parte Davis,* 947 S.W.2d at 220. Appellant's second ground for review is overruled.

The decision of the Court of Appeals and the judgment of the trial court are affirmed.

PRICE, J., filed a concurring opinion in which MEYERS, JOHNSON, and KEASLER, JJ., joined.

PRICE, J., delivered a concurring opinion, in which MEYERS, JOHNSON and KEASLER, JJ., joined.

I write separately because I believe the majority fails to properly address whether

the Court of Appeals worked injustice in this cause by applying a newly enacted rule of appellate procedure.

This Court directed in a written order that the revised Rules of Appellate Procedure would become effective on September 1, 1997. See FINAL APPROVAL OF REVISIONS TO THE TEXAS RULES OF APPELLATE PROCEDURE, 948–949 S.W.2d (Texas Cases) XLII–IV (Aug. 15, 1997). We further directed that the revised rules "should govern all proceedings thereafter brought, and in all such proceedings then pending except to the extent that in the opinion of the court *their application in a particular proceeding then pending would not be feasible or would work injustice.*" (emphasis added).

Pursuant to this provision, appellant contends that the application of Rule 44.2 in this particular case worked injustice. The majority avers that appellant's sole argument is that injustice occurred because his conviction would have been overturned had the Court of Appeals utilized former Rule 81(b)(2) instead of the rule that superseded it, revised Rule 44.2. It disposes of this argument by comparing the *holding* of the Court of Appeals (appellant's cause is properly reviewed under new Rule 44.2) with *dicta* in that opinion (under former Rule 81(b)(2), "we could not say beyond a reasonable doubt that the testimony did not contribute to the conviction"). The majority concludes that the

> *Tenth Court of Appeals applied the harmless error standard of Rule 44.2 in appellant's case because that was the rule in effect at the time of appellant's appeal.* ... Appellant was entitled to nothing more than an appellate review of his convivtion. Appellant's contention that he is entitled to a reversal of his conviction is also without merit. *Appellant suffered no injustice by virtue of the Tenth Court's application of the harmless error rule in effect at the time of the disposition of his appeal.*

In other words, through somewhat circular reasoning, the majority opinion determines that the revised rule was appropriate in this case because it did not work injustice, and it did not work injustice because appellant was only entitled to review under the appropriate revised rule. This conclusion renders the aforementioned injustice language — contained within *our* written order — meaningless, as every cause brought after September 1, 1997 would be entitled to review under only the revised rules, and therefore could not work injustice.

Thus, the question remains as to whether or not injustice was worked in this cause. Appellant argued that utilizing a new standard of appellate review worked injustice because it did not allow him time to adequately brief and argue such on appeal. Appellant cited *Chase Commercial Corp. v. Datapoint, Corp.,* 774 S.W.2d 359 (Tex.App.—Dallas 1989), as persuasive authority for this proposition.

In *Chase,* the issue confronting the Court of Appeals was whether or not it should apply a new appellate review standard articulated in a recent opinion, *Qantel Business Systems Inc. v. Custom Controls Co.,* 761 S.W.2d 302 (Tex.1988). *Chase,* 774 S.W.2d at 361. Chase had relied upon the former appellate standard in the preparation and presentation of its appeal and did not address the new *Qantel* standard. *Id.* at 362. The *Chase* Court determined that the change was not sufficiently foreseeable to appellant for proper preparation and argument and that it would be unfair to punish appellant for relying on the previous standard. *Id.*

In the cause before us, it is difficult to see how appellant was unfairly surprised by the change in appellate procedure. The exact language of the new rules was at appellant's disposal for weeks. We established our approval of the revised Rules of Appellate Procedure, including Rule 44.2, on August 15, 1997, almost six weeks before oral arguments occurred in this case.[1]

---

1. The New Texas Rules of Appellate Proce-    dure were tentatively released for review in

Rule 44.2 took effect on September 1, 1997, fully one month before oral arguments in this case were held.[2] Thus, appellant had ample time to prepare and submit supplemental briefs on this issue, as well as orally argue such before the Court of Appeals. *See* TEX.R.APP. P. 38.6(d) (appellate court may extend time for filing briefs and may postpone submission of the case); TEX.R.APP. P. 38.7 (brief may be amended or supplemented when justice requires).[3] He cannot use his own inaction to bolster a finding of injustice now. Therefore, the change in the law was sufficiently foreseeable to appellant that no injustice was worked by unfair surprise.

Appellant also argued that he possessed a substantial, vested right in the prior appellate review standard, because applying the revised rule curtailed his appeal and led to the opposite result. The majority addressed this argument in the same manner that it addressed appellant's first argument: by concluding that the Court of Appeals used the proper rule in effect at the time of the appeal. However, this conclusion does not actually reach the crux of appellant's argument.

I would hold that appellants do not have a right to one certain appellate review standard over another. A revised rule should be utilized on and after its effective date unless it would work injustice to do so.[4] As the previous discussion illustrates, no injustice was worked in this case.

For the foregoing reasons, I concur only in the judgment of this Court.

March of 1997, over six months from the date of oral arguments in this case.

2. Oral argument was originally scheduled for September 17, 1997, but was reset for October 1, 1997. Nevertheless, under the originally scheduled hearing date appellant would have had almost one month notice of the changes and the new rules would have been in effect for over two weeks.

3. Certainly justice would require that appellant be given the chance to brief and argue a new law applicable to his case if he had requested the opportunity to do so. However, appellant did not pursue this option.

4. This conclusion is why we included such precautionary language in our order approving of the revised rules.