Jessie Rudolph Williams v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-337-CR

Â Â Â Â Â JESSIE RUDOLPH WILLIAMS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 96-03-15,949-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â 
OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â 
Â Â Â Â Â Â On June 24, 1996, Appellant Jesse Rudolph Williams pled guilty to the offense of Felony
Driving While Intoxicated and was sentenced to five years probation. See Tex. Penal Code
Ann. Â§ 49.04 (Vernon 1999). Upon appellantâs subsequent DWI arrest, the State moved to
revoke Appellantâs probation, alleging seven violations of the conditions of probation imposed
by the District Court. After a hearing, the trial court found that the Stateâs allegations were
true and assessed punishment at five years imprisonment.
Â Â Â Â Â Â Appellant brings two points of error. In his first point, appellant complains the trial court
erred in allowing the State to prove the alleged parole violations through inadmissible hearsay. 
In his second point, appellant asserts the evidence was insufficient to support the trial courtâs
finding that appellant committed the subsequent crime of Driving While Intoxicated.
Â Â Â Â Â Â A proceeding to revoke probation is neither criminal nor civil, but is rather an
administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). 
However, the rules of evidence are still generally applicable. Id. The State bears the burden 
of proving by a preponderance of the evidence that the defendant violated the terms of his
probation. Id. (citing Cardona v. State, 665 S.W.2d 492, 493-95 (Tex. Crim. App. 1984)). 
A revocation may be supported by proof of a single violation of the defendantâs terms of
probation. Stevens v. State, 900 S.W.2d 348, 350 (Tex. App.âTexarkana 1995, pet. refâd.).
Â Â Â Â Â Â At the revocation hearing, the State called Teresa Kyle, appellantâs Robertson County
probation officer. Kyle testified that she supervised appellant in connection with the probation
sentence imposed by the Robertson County District Court. As a resident of Freestone County
during the probation period, appellant was also directly supervised by the Freestone County
Corrections Office, although Kyle testified that she was responsible for maintaining records of
appellantâs compliance with the conditions of probation. Over appellantâs hearsay objection,
the State elicited testimony from Kyle regarding appellantâs failure to report monthly to the
Freestone County probation officer. The State then established that the probation records from
which Kyle was testifying qualified as business records of the Robertson County Community
Supervision and Corrections department, under Texas Rule of Evidence 803(6). The records
from which Kyle testified were never formally introduced into evidence. Kyle also testified to
her personal knowledge of appellantâs violation of several additional conditions of probation,
including appellantâs failure to pay supervisory fees, attend Alcoholics Anonymous meetings,
or report his subsequent arrest within 48 hours. 
Â Â Â Â Â Â Finally, the State called Captain Kelly Craig of the Wortham City Police Department. 
Craig testified that he stopped appellant on August 3, 1998 after observing his vehicle driving
erratically and twice failing to stop at a stop sign. Captain Craig stated that appellant smelled
of alcohol and failed a field sobriety test, after which Craig arrested him for DWI.
Â Â Â Â Â Â Appellant argues that Kyle should not have been allowed to testify to appellantâs failure to
report to his Freestone County probation officer because Kyle had no personal knowledge of
that information, such information was hearsay, and the business record containing that
information was never admitted into evidence. Appellant cites Polk v. State for the proposition
that a witness may not testify to the contents of a business record that is not in evidence unless
the witness has personal knowledge of the facts forming the basis of his testimony. Polk v.
State, 729 S.W.2d 749, 755 (Tex. Crim. App. 1987).
Â Â Â Â Â Â In Polk, the State offered the testimony of the custodian of records for the Dallas County
probation office, who laid the predicate for admission of Polkâs probation file as a business
record. Id. at 750. The file was never admitted, however, and the court allowed the custodian
to testify to the fileâs contents over Polkâs objection, even though the custodian was not Polkâs
probation officer and had no personal knowledge of the violations described in the file. Id. at
751. The Court of Criminal Appeals held that the trial court abused its discretion in allowing
the records custodian to testify to the hearsay contained in the file. Because those violations
formed the basis of the revocation, the Court remanded the cause to the trial court to consider
the alternative probation violations contained in the motion to revoke. Id. at 755.
Â Â Â Â Â Â In the case at bar, appellantâs probation file is hearsay, but is admissible because it meets
the business record exception to the hearsay rule. See Tex. R. Evid. 802(6). Although the
business record exception allows the file to be admitted, it does not allow testimony as to the
contents of the file without either the fileâs admission, or an indication that such contents are
within the personal knowledge of the witness. Polk, 729 S.W.2d at 751. We adhere,
however, to the long-standing presumption that the trial judge, sitting as a fact finder, ignored
objectionable or incompetent evidence in his deliberations so long as properly admitted or
unchallenged evidence is sufficient to support the judgment. Keen v. State, 626 S.W.2d 309
(Tex. Crim. App. 1981). Because Kyle testified to other violations of probation lying within
her personal knowledge âappellantâs failure to provide proof of attendance of Alcoholics
Anonymous meetings, pay supervisory fees, or report his subsequent DWI arrestâ we cannot
say that the error, if any, in admitting hearsay testimony affected the âsubstantial rights" of the
appellant. See Tex. R. App. P. 44.2(b); Fowler v. State, 958 S.W.2d 853 (Tex. App.âWaco
1997) affâd, 991 S.W.2d 258 (Tex. Crim. App. 1999). Appellantâs first point is overruled. 
Â Â Â Â Â Â In his second point of error, Appellant asserts the evidence is insufficient to support the
trial courtâs finding that appellant has subsequently committed DWI. He argues that the
testimony of Captain Craig does not establish commission by a preponderance of the evidence
because Craig was not qualified to administer the horizontal gaze nystagmus test from which
he concluded appellant was intoxicated. Craig testified that he observed appellant run two stop
signs, and that appellant was swerving out of his traffic lane. In addition to failing the HGN
test, Craig indicated that appellant smelled of alcohol, walked in an unstable manner, and
exhibited glassy, bloodshot eyes and slurred speech. Finally, Craig testified that he discovered
a cup in appellantâs vehicle containing an alcoholic beverage. From this evidence, the trial
court could have concluded by a preponderance of the evidence that appellant either committed
Driving While Intoxicated, or failed to abstain from the use of alcoholic beverages in violation
of condition number two of his probation as alleged in the motion to revoke. The evidence
was sufficient to support the trial courtâs ruling that appellantâs probation should be revoked. 
Appellantâs second point of error is overruled.
Â Â Â Â Â Â The judgment of the trial court is affirmed.
 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ROBERT M. CAMPBELL
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice (Sitting by Assignment)

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Gray and 
Â Â Â Â Â Â Justice Campbell (Sitting by Assignment)
Affirmed
Opinion delivered and filed March 8, 2000
Do not publish



ily:"CG Times"'>The trial court
clerk shall: (1) prepare a supplemental clerk=s record containing all orders and findings of
fact and conclusions of law which the trial court renders or makes; and (2)
file the supplemental clerk=s record with
the Clerk of this Court within forty-five days after the date of this Order.

The court
reporter shall prepare and file a supplemental reporters record containing a
transcription of the hearing within forty-five days after the date of this
Order.

PER CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal abated

Order issued and filed June 15, 2005

Do not publish

[CR25]