NUMBER 13-99-080-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ROBERT B. WILLIAMS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 329th District Court


of Wharton County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez and Rodriguez



Opinion by Justice Chavez




 A jury found Appellant Robert B. Williams guilty of three counts of delivery of
a controlled substance and imposed a punishment of 15 years in prison and a $1000
fine for each count. Appellant contends that the court erred by allowing the admission
of hearsay testimony by two of the State's witnesses. We affirm.

 Wharton County Narcotics Task Force Supervisor Terry Stanphill began an
investigation of appellant with two brothers, Chadwick and Demont Bluntson,
cooperating with police in order to reduce unrelated charges against them. Demont
Bluntson wore wires while he and his brother participated in a drug sting operation. 
Police made an audio recording of all of their dialogue, including drug transactions they
made with appellant. 

 The testimony at issue was provided by two of the State's witnesses, Officer
Stanphill and Demont Bluntson. The testimony is about conversations regarding the
drug transactions between appellant and the Bluntson brothers that was transmitted
to the police over the wire hidden on Demont Bluntson. The police heard the
conversations, and simultaneously recorded them as evidence against Williams. The
police produced audio tapes that contained the events of the sting, including the
discussion of the price and amount of cocaine to be sold, except for periods when
Chadwick was separated from Demont, who had the wire, and for periods when the
battery to the wire ran out. These tapes were admitted into evidence against Williams.

 Hearsay is a statement, other than one made by the declarant while testifying
at trial, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid.
801(d). Hearsay is not admissible except as provided by statute or the Texas Rules
of Evidence. The State alleges that the testimony of Officer Stanphill and Demont
Bluntson was not offered to prove the truth of the matter asserted. Instead, the State
argues the testimony indicated background facts and circumstances surrounding the
dialogue, including the offer, acceptance and amount of money paid for the cocaine. 
It indicated background facts and circumstances regarding the drug deal, but also
could have helped the State's case against Williams.

 Assuming without deciding that the evidence was improperly admitted, our
examination of the record in its entirety leads us to conclude that the alleged error did
not affect a substantial right of the appellant. See Tex. R. App. Proc. 44.2(b). The
erroneous admission of hearsay is reviewed as non-constitutional error. Johnson v.
State, 967 S.W.2d 410, 416 (Tex. Crim. App. 1998). In conducting our analysis of
the admission of this testimony, we must view the alleged error in the context of the
entire proceeding to determine whether the error had more than a slight influence on
the verdict. Fowler v. State, 958 S.W.2d 853, 865-66 (Tex. App.--Waco 1997),
aff'd, 991 S.W.2d 258 (Tex. Crim. App. 1999); see also Issac v. State, 989 S.W.2d
754 (Tex. Crim. App. 1999). A substantial right is affected when the error had a
substantial and injurious effect or influence in determining the jury's verdict. King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) citing Kotteakos v. U.S., 328
U.S. 750. 

 A sample of the of the contested testimony is the following quote from Officer
Stanphill: 

I heard Demont start speaking. I heard him say, "That's all you got?"

 Mr. Williams says, "Yeah."

 Demont said, "You got a whole thing"

 And Mr. Williams replied, "Yeah."

 Demont made a comment that, "It's about time." Demont comes
back, says, "Old boy gave us some b------- last time."

 And Mr. Williams, "Yeah, that is a bad m----- f----- there."

 Demont, he says, "You think you could get four(1) for that."

 Mr. Williams: "Oh, no, it ain't mine right there. It's Big Boy's."

 Then Demont, he makes a statement. "Oh, this Hog's s---, huh?"

 And then I hear Williams. "If you caught me with mine, I take four
for mine." Then I hear them continue talking; and they are talking,
making reference to the last buy when they had come back and bought
drugs from the Cozy Club at times.Chadwick Bluntson provided substantially similar testimony without objection
as the testimony Williams complains of on appeal, and the audio tapes of the
wired conversations between Williams and the Bluntsons also provided
substantially the same information to the jury.

 Because the other evidence was overwhelming, and duplicated the
evidence challenged as hearsay, the challenged evidence did not have a
substantial effect on the outcome of the trial. In addition to the audio tape of
the drug deals and Chadwick Bluntson's testimony, evidence to prove
Williams's guilt was presented to the jury without objection. This included
testimony by Officer Stanphill that Williams had said, "They are bringing the
dope," before the battery on the wire died. At another point during the sting
operation, Williams told the Bluntson brothers, "they got it" and then provided
the Bluntsons with a large amount of crack cocaine in exchange for $500. 

 Stanphill and another police officer followed the Bluntson brothers from
the scene of the transaction to an isolated location, and identified the
substances the Bluntsons returned to the police as cocaine. In his testimony,
Officer Stanphill described this chain of events and explained that the Bluntson
brothers would be sent to jail if they attempted to manipulate or exploit the
sting in any way, and that while they were away from the police, the Bluntsons
were monitored so that it would be virtually impossible for them to frame
Williams. 

 Any error by the trial court in admitting hearsay testimony did not affect
any substantial right and there is no reversible error. Tex. R. App. P. 44.2(b). 
We affirm the trial court's judgment.



 MELCHOR CHAVEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 25th day of May, 2000.


1. "Four" in this context means four hundred dollars. Officer Stanphill testified
as to the meanings of various words used in the jargon of the cocaine trade in
Wharton County.