MARTINEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-218-CR

MICHAEL R. MARTINEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Factual and Procedural Background

At approximately 1:00 a.m. on June 12, 2002, Fort Worth Police Department Officer J.D. Carter observed Appellant Michael R. Martinez cross three lanes of traffic in an attempt to turn southbound onto Bryant Irvin Road in Fort Worth, turn back northbound, turn right, and then left.  At one point, Appellant’s vehicle was stopped in a position facing the median waiting for traffic to clear.  Because Officer Carter considered Appellant’s driving behavior erratic and dangerous, he initiated a traffic stop.  As Officer Carter approached the vehicle, he detected an odor of alcoholic beverage and noticed Appellant “was exhibiting a dull stupor, kind of just a blank stare.”  Suspecting possible intoxication, Officer Carter asked Appellant to exit the vehicle.  According to Officer Carter, Appellant almost fell down when he opened the car door and held onto the door as he “stumbled all the way around the outside of the door.”  Officer Carter testified that when he asked Appellant if he had been drinking, Appellant said, “You bet, just a little.”

Appellant submitted to a horizontal gaze nystagmus test, which exhibited six out of six clues indicating intoxication, and the walk and turn test, which exhibited five of eight clues.  Appellant refused to perform the one leg stand test due to a degenerative back problem and two back surgeries.  Officer Carter determined that there was probable cause to believe Appellant was driving under the influence of alcohol and placed him under arrest.

At trial, Appellant admitted to drinking one beer at Razoo’s restaurant at approximately 9:20 p.m. that evening, a second beer at Lone Star Oyster Bar between 10:45 and 11:55 p.m, and a third beer between 12:05 a.m. and 1:00 a.m.  According to Appellant, rather than stumble out of the car as Officer Carter testified, he struggled with the car door because a gust of wind blew the door open as he was exiting the vehicle.

Over Appellant’s objection, the trial court allowed the following testimony:

Q. [State]  Have you ever been asked to perform the one leg stand before?

A.  [Appellant]  Yes.

. . . .

Q.  Did you do the one leg stand test?  

A.  I’ve done the one leg stand test.

Q.  And did you give any medical reason why you could not do the one leg stand test before?

A.  I’ve stated the fact that I’ve had back surgery.

Q.  Did you give any medical reason for why you could not take the one leg stand test before?

A.  No.

Q.  And these tests were taken in 1997 and -- This test, one leg stand test, was taken in 1997 and 1998, correct?

A.  As far as I can recall.

During closing argument, the State argued that Appellant, “didn’t do the one leg stand because he said my back is hurt.  But [Appellant] told you that he has done those tests before and he never gave a reason that his back was hurt on those occasions.”

A jury found Appellant guilty of driving while intoxicated (DWI), and the trial court sentenced him to fifty days’ confinement and a $600 fine.  In one point, Appellant contends that the trial court erred in admitting evidence that he took sobriety tests on two previous occasions.

Standard of Review

Texas Rule of Evidence 404(b) provides that:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. 

Tex. R. Evid.
 404(b).  A party may introduce evidence for any of the enumerated purposes in the rule governing admissibility of evidence of other crimes, wrongs, or acts, only when the evidence is relevant to a fact of consequence.  
Medellin v. State,
 960 S.W.2d 904, 908 (Tex. App.—Amarillo 1997, no pet.); 
see also 
Tex. R. Evid.
 404(b).  A fact of consequence includes either an elemental fact or an evidentiary fact from which an elemental fact can be inferred.  
Medellin
, 960 S.W.2d at 908.  

 If a trial court determines that evidence of other crimes or extraneous misconduct has relevance aside from character conformity, and a timely, proper Rule 403 objection is made, the trial court must make a balancing determination under Rule 403.  
Montgomery v. State
, 810 S.W.2d 372, 386-87 (Tex. Crim. App. 1991) (op. on reh'g).  Rule 403 provides that “[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.”  
Tex. R. Evid
. 403.  Only “unfair” prejudice provides the basis for exclusion of relevant evidence.  
Montgomery
, 810 S.W.2d at 389.  Unfair prejudice arises from evidence that has an undue tendency to suggest that a decision be made on an improper basis, commonly an emotional one.  
Id.
  Rule 403 favors admissibility, and a presumption exists that relevant evidence will be more probative than prejudicial.  
Id
.; 
DeLeon v. State
, 77 S.W.3d 300, 315 (Tex. App.—Austin 2001, pet. ref'd).  

In evaluating the trial court's determination under Rule 403, a reviewing court is to reverse the trial court's judgment “rarely and only after a clear abuse of discretion,” recognizing that the trial court is in a superior position to gauge the impact of the relevant evidence.  
Mozon v. State
, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); 
Montgomery
, 810 S.W.2d at 392; 
Curtis v. State, 
89 S.W.3d 163, 170 (Tex. App.—Fort Worth 2002, pet. ref'd).  

The relevant criteria in determining whether the prejudice of an extraneous offense substantially outweighs its probative value include:  (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;  (2) the potential the other offense evidence has to impress the jury “in some irrational but nevertheless indelible way”;  (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense;  and (4) the force of the proponent's need for this evidence to prove a fact of consequence, that is, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.  
Mozon
, 991 S.W.2d at 847.  When the relevant criteria are viewed objectively and lead to the conclusion that the danger of unfair prejudice substantially outweighs the probative value of the proffered evidence, the appellate court should declare that the trial court erred in failing to exclude it.  
Curtis
, 89 S.W.3d at 170.

Discussion

Appellant argues that the trial court erred in admitting evidence that he took sobriety tests on two previous occasions because it is evidence of extraneous offenses, crimes, wrongs, or bad acts used to show character conformity.  The State, contending that Appellant’s testimony “did not ‘necessarily’ have to be viewed by the jury as showing extraneous offenses” under Rule 404(b), offers several alternative conclusions that the jury could have reached after hearing the evidence other than assuming that Appellant has two prior DWI convictions.  The State first contends that Appellant could have taken a one leg stand test while participating in a party game, DPS safety course, or field sobriety alcohol workshop.  While this may be true, the likelihood of Appellant participating in a party game or a training course that involved taking a one leg stand test on 
two separate occasions 
is remote.  The State alternatively suggests that Appellant could have taken the one leg stand test during a DWI detention where Appellant passed or during a DWI detention where Appellant was arrested and exonerated at trial.  Nevertheless, we conclude evidence indicating that Appellant has been under suspicion of DWI on two prior occasions is misleading and has the potential to cause the jury to conclude that Appellant has two prior DWI convictions.  Consequently, we conclude that the evidence falls within the ambit of Rule 404(b).  
Tex. R. Evid.
 404(b).  

Appellant contends that the evidence regarding his prior sobriety tests is not relevant to an issue other than character; and even assuming relevance, the prejudicial nature of the evidence greatly outweighs its probative value.  Because we agree with Appellant that the probative value of the evidence is substantially outweighed by its danger of unfair prejudice, we need not address whether the evidence is relevant to an issue other than character under Rule 404(b) and address only Appellant’s Rule 403 argument .  
See id
.

The State contends that evidence regarding the sobriety tests is admissible to show that Appellant’s bad back was not the real reason for his refusal to take the one leg stand test.  Although the State asserts that the reason for Appellant’s refusal to take the test was “unusually important,” it also admits that the probative strength of the evidence is lessened by the passage of several years between the prior tests and the current offense.  Furthermore, the reason for Appellant’s refusal to submit to the one leg stand test is not an elemental fact required in proving DWI.  
See 
Tex. Penal Code Ann.
 § 49.04 (Vernon 2003).  The State had ample probative evidence to establish Appellant’s intoxication, such as Appellant’s performance on the horizontal gaze nystagmus and walk and turn tests, without the potentially prejudicial evidence regarding Appellant’s prior sobriety tests.  We are therefore not convinced that evidence of Appellant’s willingness to take one leg stand tests in 1997 and 1998 provides significant probative value in rebutting Appellant’s claim that his degenerative back injury prevented him from submitting to a one leg stand test years later in April 2002.  

Evidence that Appellant submitted to previous sobriety tests, on the other hand, is potentially inflammatory with a high probability of prejudice.  Despite the State’s alternative suggestions, it is likely that the jury concluded Appellant was, at the very least, suspected of DWI on at least two prior occasions.  This could conceivably create an impression that Appellant, acting in conformity with his past behavior, had a higher likelihood of guilt.  Additionally, the State did not devote an undue amount of time to developing this evidence, indicating  a minimal need for the evidence in establishing Appellant’s guilt.    

In light of the evidence’s relatively weak probative value, potentially inflammatory nature, and the State’s lack of, or only slight need for the evidence, there is a danger of unfair prejudice that substantially outweighs the probative value of the evidence in question.  
See
 
Tex. R. Evid.
 403.  Accordingly, we hold that the trial court abused its discretion in allowing the State to question Appellant regarding his previous sobriety tests. 

 Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  If the error is constitutional, we apply Rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to Appellant's conviction or punishment.  
Tex. R. App. P.
 44.2(a).  Otherwise, we apply Rule 44.2(b) and disregard the error if it does not affect Appellant's substantial rights.  
Tex. R. App. P.
 44.2(b);  
see Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), 
cert. denied
, 526 U.S. 1070 (1999).  

Appellant’s complaint is governed by Rule 44.2(b).  
See Avila v. State
, 18 S.W.3d 736, 741-42 (Tex. App.—San Antonio 2000, no pet.) (noting that the erroneous admission of extraneous offense evidence is not constitutional error).  In determining whether the error was harmful under Rule 44.2(b), we examine the entire record to determine whether the error affects Appellant’s substantial rights.  
See Fowler v. State
, 958 S.W.2d 853, 865 (Tex. App.—Waco 1997), 
aff'd
, 991 S.W.2d 258 (Tex. Crim. App. 1999).  Substantial rights are affected “when the error had a substantial and injurious effect or influence in determining the jury's verdict.”  
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); 
Best v. State
, 118 S.W.3d 857, 864 (Tex. App.—Fort Worth 2003, no pet.).  A criminal judgment should not be overturned for nonconstitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect.  
Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  This court must consider the entire record, including testimony, evidence, voir dire, closing arguments, and jury instructions to determine whether the jury was affected.  
Bagheri v. State
, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003).  We should also consider “whether the State emphasized the error, whether the erroneously admitted evidence was cumulative, and whether it was elicited from an expert.”  
Id
.  Additional factors include the nature of the evidence supporting the verdict, the character of the alleged error, and how it may be considered in connection with other evidence in the case.  
Id.

Based on our review of the record, and applying the harm analysis required in Rule 44.2(b), we have fair assurance that the trial court's error in admitting the evidence of Appellant's prior sobriety tests had no, or but a slight, effect on the jury's verdict.  We are confident that the State’s comments during closing argument and eight lines of testimony during a two-day trial in which the State provided ample evidence of Appellant’s guilt, was cumulative of other evidence, and the results of the trial would not have been different had the trial court disallowed Appellant’s testimony regarding the sobriety tests.
(footnote: 2)  
See
 
Motilla v. State
, 78 S.W.3d 352, 357 (Tex. Crim. App. 2002) (holding other evidence of defendant's guilt was a relevant factor in concluding error was harmless).  We overrule Appellant’s sole point and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant’s testimony was cumulative in the sense that there was other significant evidence of his intoxication.