COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-218-CR
  
  
MICHAEL 
R. MARTINEZ                                                         APPELLANT
  
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Factual and 
Procedural Background
        At 
approximately 1:00 a.m. on June 12, 2002, Fort Worth Police Department Officer 
J.D. Carter observed Appellant Michael R. Martinez cross three lanes of traffic 
in an attempt to turn southbound onto Bryant Irvin Road in Fort Worth, turn back 
northbound, turn right, and then left. At one point, Appellant’s vehicle was 
stopped in a position facing the median waiting for traffic to clear. Because 
Officer Carter considered Appellant’s driving behavior erratic and dangerous, 
he initiated a traffic stop. As Officer Carter approached the vehicle, he 
detected an odor of alcoholic beverage and noticed Appellant “was exhibiting a 
dull stupor, kind of just a blank stare.” Suspecting possible intoxication, 
Officer Carter asked Appellant to exit the vehicle. According to Officer Carter, 
Appellant almost fell down when he opened the car door and held onto the door as 
he “stumbled all the way around the outside of the door.” Officer Carter 
testified that when he asked Appellant if he had been drinking, Appellant said, 
“You bet, just a little.”
        Appellant 
submitted to a horizontal gaze nystagmus test, which exhibited six out of six 
clues indicating intoxication, and the walk and turn test, which exhibited five 
of eight clues. Appellant refused to perform the one leg stand test due to a 
degenerative back problem and two back surgeries. Officer Carter determined that 
there was probable cause to believe Appellant was driving under the influence of 
alcohol and placed him under arrest.
        At 
trial, Appellant admitted to drinking one beer at Razoo’s restaurant at 
approximately 9:20 p.m. that evening, a second beer at Lone Star Oyster Bar 
between 10:45 and 11:55 p.m, and a third beer between 12:05 a.m. and 1:00 a.m. 
According to Appellant, rather than stumble out of the car as Officer Carter 
testified, he struggled with the car door because a gust of wind blew the door 
open as he was exiting the vehicle.
        Over 
Appellant’s objection, the trial court allowed the following testimony:
 
Q. 
[State] Have you ever been asked to perform the one leg stand before?
 
A. 
[Appellant] Yes.
 
        . 
. . .
 
Q. 
Did you do the one leg stand test?
 
A. 
I’ve done the one leg stand test.
 
Q. 
And did you give any medical reason why you could not do the one leg stand test 
before?
 
A. 
I’ve stated the fact that I’ve had back surgery.
 
Q. 
Did you give any medical reason for why you could not take the one leg stand 
test before?
 
A. 
No.
 
Q. 
And these tests were taken in 1997 and -- This test, one leg stand test, was 
taken in 1997 and 1998, correct?
 
A. 
As far as I can recall.
 
 
During 
closing argument, the State argued that Appellant, “didn’t do the one leg 
stand because he said my back is hurt. But [Appellant] told you that he has done 
those tests before and he never gave a reason that his back was hurt on those 
occasions.”
        A 
jury found Appellant guilty of driving while intoxicated (DWI), and the trial 
court sentenced him to fifty days’ confinement and a $600 fine. In one point, 
Appellant contends that the trial court erred in admitting evidence that he took 
sobriety tests on two previous occasions.
Standard of 
Review
        Texas 
Rule of Evidence 404(b) provides that:
  
Evidence 
of other crimes, wrongs or acts is not admissible to prove the character of a 
person in order to show action in conformity therewith. It may, however, be 
admissible for other purposes, such as proof of motive, opportunity, intent, 
preparation, plan, knowledge, identity, or absence of mistake or accident.
 
Tex. R. Evid. 404(b). A party may 
introduce evidence for any of the enumerated purposes in the rule governing 
admissibility of evidence of other crimes, wrongs, or acts, only when the 
evidence is relevant to a fact of consequence. Medellin v. State, 960 
S.W.2d 904, 908 (Tex. App.—Amarillo 1997, no pet.); see also Tex. R. Evid. 404(b). A fact of 
consequence includes either an elemental fact or an evidentiary fact from which 
an elemental fact can be inferred. Medellin, 960 S.W.2d at 908.
        If 
a trial court determines that evidence of other crimes or extraneous misconduct 
has relevance aside from character conformity, and a timely, proper Rule 403 
objection is made, the trial court must make a balancing determination under 
Rule 403. Montgomery v. State, 810 S.W.2d 372, 386-87 (Tex. Crim. App. 
1991) (op. on reh'g). Rule 403 provides that “[a]lthough relevant, evidence 
may be excluded if its probative value is substantially outweighed by the danger 
of unfair prejudice, confusion of the issues, or misleading the jury, or by 
considerations of undue delay, or needless presentation of cumulative 
evidence.” Tex. R. Evid. 403. 
Only “unfair” prejudice provides the basis for exclusion of relevant 
evidence. Montgomery, 810 S.W.2d at 389. Unfair prejudice arises from 
evidence that has an undue tendency to suggest that a decision be made on an 
improper basis, commonly an emotional one. Id. Rule 403 favors 
admissibility, and a presumption exists that relevant evidence will be more 
probative than prejudicial. Id.; DeLeon v. State, 77 S.W.3d 300, 
315 (Tex. App.—Austin 2001, pet. ref'd).
        In 
evaluating the trial court's determination under Rule 403, a reviewing court is 
to reverse the trial court's judgment “rarely and only after a clear abuse of 
discretion,” recognizing that the trial court is in a superior position to 
gauge the impact of the relevant evidence. Mozon v. State, 991 S.W.2d 
841, 847 (Tex. Crim. App. 1999); Montgomery, 810 S.W.2d at 392; Curtis 
v. State, 89 S.W.3d 163, 170 (Tex. App.—Fort Worth 2002, pet. ref'd).
        The 
relevant criteria in determining whether the prejudice of an extraneous offense 
substantially outweighs its probative value include: (1) how compellingly the 
extraneous offense evidence serves to make a fact of consequence more or less 
probable—a factor which is related to the strength of the evidence presented 
by the proponent to show the defendant in fact committed the extraneous offense; 
(2) the potential the other offense evidence has to impress the jury “in some 
irrational but nevertheless indelible way”; (3) the time the proponent will 
need to develop the evidence, during which the jury will be distracted from 
consideration of the indicted offense; and (4) the force of the proponent's need 
for this evidence to prove a fact of consequence, that is, does the proponent 
have other probative evidence available to him to help establish this fact, and 
is this fact related to an issue in dispute. Mozon, 991 S.W.2d at 847. 
When the relevant criteria are viewed objectively and lead to the conclusion 
that the danger of unfair prejudice substantially outweighs the probative value 
of the proffered evidence, the appellate court should declare that the trial 
court erred in failing to exclude it. Curtis, 89 S.W.3d at 170.
Discussion
        Appellant 
argues that the trial court erred in admitting evidence that he took sobriety 
tests on two previous occasions because it is evidence of extraneous offenses, 
crimes, wrongs, or bad acts used to show character conformity. The State, 
contending that Appellant’s testimony “did not ‘necessarily’ have to be 
viewed by the jury as showing extraneous offenses” under Rule 404(b), offers 
several alternative conclusions that the jury could have reached after hearing 
the evidence other than assuming that Appellant has two prior DWI convictions. 
The State first contends that Appellant could have taken a one leg stand test 
while participating in a party game, DPS safety course, or field sobriety 
alcohol workshop. While this may be true, the likelihood of Appellant 
participating in a party game or a training course that involved taking a one 
leg stand test on two separate occasions is remote. The State 
alternatively suggests that Appellant could have taken the one leg stand test 
during a DWI detention where Appellant passed or during a DWI detention where 
Appellant was arrested and exonerated at trial. Nevertheless, we conclude 
evidence indicating that Appellant has been under suspicion of DWI on two prior 
occasions is misleading and has the potential to cause the jury to conclude that 
Appellant has two prior DWI convictions. Consequently, we conclude that the 
evidence falls within the ambit of Rule 404(b). Tex. R. Evid. 404(b).
        Appellant 
contends that the evidence regarding his prior sobriety tests is not relevant to 
an issue other than character; and even assuming relevance, the prejudicial 
nature of the evidence greatly outweighs its probative value. Because we agree 
with Appellant that the probative value of the evidence is substantially 
outweighed by its danger of unfair prejudice, we need not address whether the 
evidence is relevant to an issue other than character under Rule 404(b) and 
address only Appellant’s Rule 403 argument. See id.
        The 
State contends that evidence regarding the sobriety tests is admissible to show 
that Appellant’s bad back was not the real reason for his refusal to take the 
one leg stand test. Although the State asserts that the reason for Appellant’s 
refusal to take the test was “unusually important,” it also admits that the 
probative strength of the evidence is lessened by the passage of several years 
between the prior tests and the current offense. Furthermore, the reason for 
Appellant’s refusal to submit to the one leg stand test is not an elemental 
fact required in proving DWI. See Tex. 
Penal Code Ann. § 49.04 (Vernon 2003). The State had ample probative 
evidence to establish Appellant’s intoxication, such as Appellant’s 
performance on the horizontal gaze nystagmus and walk and turn tests, without 
the potentially prejudicial evidence regarding Appellant’s prior sobriety 
tests. We are therefore not convinced that evidence of Appellant’s willingness 
to take one leg stand tests in 1997 and 1998 provides significant probative 
value in rebutting Appellant’s claim that his degenerative back injury 
prevented him from submitting to a one leg stand test years later in April 2002.
        Evidence 
that Appellant submitted to previous sobriety tests, on the other hand, is 
potentially inflammatory with a high probability of prejudice. Despite the 
State’s alternative suggestions, it is likely that the jury concluded 
Appellant was, at the very least, suspected of DWI on at least two prior 
occasions. This could conceivably create an impression that Appellant, acting in 
conformity with his past behavior, had a higher likelihood of guilt. 
Additionally, the State did not devote an undue amount of time to developing 
this evidence, indicating a minimal need for the evidence in establishing 
Appellant’s guilt.
        In 
light of the evidence’s relatively weak probative value, potentially 
inflammatory nature, and the State’s lack of, or only slight need for the 
evidence, there is a danger of unfair prejudice that substantially outweighs the 
probative value of the evidence in question. See Tex. R. Evid. 403. Accordingly, we hold 
that the trial court abused its discretion in allowing the State to question 
Appellant regarding his previous sobriety tests.
        Having 
found error, we must conduct a harm analysis to determine whether the error 
calls for reversal of the judgment. Tex. 
R. App. P. 44.2. If the error is constitutional, we apply Rule 44.2(a) 
and reverse unless we determine beyond a reasonable doubt that the error did not 
contribute to Appellant's conviction or punishment. Tex. R. App. P. 44.2(a). Otherwise, we 
apply Rule 44.2(b) and disregard the error if it does not affect Appellant's 
substantial rights. Tex. R. App. P. 
44.2(b); see Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) 
(op. on reh'g), cert. denied, 526 U.S. 1070 (1999).
        Appellant’s 
complaint is governed by Rule 44.2(b). See Avila v. State, 18 S.W.3d 736, 
741-42 (Tex. App.—San Antonio 2000, no pet.) (noting that the erroneous 
admission of extraneous offense evidence is not constitutional error). In 
determining whether the error was harmful under Rule 44.2(b), we examine the 
entire record to determine whether the error affects Appellant’s substantial 
rights. See Fowler v. State, 958 S.W.2d 853, 865 (Tex. App.—Waco 1997), 
aff'd, 991 S.W.2d 258 (Tex. Crim. App. 1999). Substantial rights are 
affected “when the error had a substantial and injurious effect or influence 
in determining the jury's verdict.” King v. State, 953 S.W.2d 266, 271 
(Tex. Crim. App. 1997); Best v. State, 118 S.W.3d 857, 864 (Tex. 
App.—Fort Worth 2003, no pet.). A criminal judgment should not be overturned 
for nonconstitutional error if the appellate court, after examining the record 
as a whole, has fair assurance that the error did not influence the jury or had 
but a slight effect. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. 
App. 1998). This court must consider the entire record, including testimony, 
evidence, voir dire, closing arguments, and jury instructions to determine 
whether the jury was affected. Bagheri v. State, 119 S.W.3d 755, 763 
(Tex. Crim. App. 2003). We should also consider “whether the State emphasized 
the error, whether the erroneously admitted evidence was cumulative, and whether 
it was elicited from an expert.” Id. Additional factors include the 
nature of the evidence supporting the verdict, the character of the alleged 
error, and how it may be considered in connection with other evidence in the 
case. Id.
        Based 
on our review of the record, and applying the harm analysis required in Rule 
44.2(b), we have fair assurance that the trial court's error in admitting the 
evidence of Appellant's prior sobriety tests had no, or but a slight, effect on 
the jury's verdict. We are confident that the State’s comments during closing 
argument and eight lines of testimony during a two-day trial in which the State 
provided ample evidence of Appellant’s guilt, was cumulative of other 
evidence, and the results of the trial would not have been different had the 
trial court disallowed Appellant’s testimony regarding the sobriety tests.[2]  See Motilla v. State, 78 S.W.3d 352, 
357 (Tex. Crim. App. 2002) (holding other evidence of defendant's guilt was a 
relevant factor in concluding error was harmless).  We overrule 
Appellant’s sole point and affirm the trial court’s judgment.
 
  
                                                                  PER 
CURIAM
 
 
PANEL 
F:   HOLMAN, GARDNER, and WALKER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 29, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant’s testimony was cumulative in the sense that there was other 
significant evidence of his intoxication.