IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00295-CV

 

Texas A&M University, Ray M.
Bowen, 

William Kibler, John Koldus, III, J. Malon 

Southerland, Russell W. Thompson, Zack 

Coapland, MaJor General M.T. Hopgood, 

Jr., Kevin Jackson, Donald Johnson, Michael 

David Krenz, James Reynolds, Robert Harry 

Stiteler, Jr.,

                                                                                    Appellants

 v.

 

John Andrew Comstock, Dixie Ann Comstock, Jacquelynn
Kay Self, Individually and as Administratrix of the Estate of Jerry Self, 

Deceased, Andrea Heard, Individually, leslie

heard, Kathy McClain, Individually and as
Administratrix of the Estate of Bryan McClain, DECEASED, PHIL R. McClAIN,
INDIVIDUALLY, DOMINIC 

BRAUS, NANCY BRAUS, MATTHEW ROBBINS, GREGORY ANTHONY POWELL,
INDIVIDUALLY AND AS ADMINISTRATOR

OF THE ESTATE OF CHAD A. POWELL, DECEASED, AND

beverly JILL POWELL, INDIVIDUALLY,

                                                                                    Appellees

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-001246-CV361

 



ORDER










 

            A bound document presented by
Appellee, Nancy Braus, as her brief and filed on July 11, 2007, is stricken
because it fails to comply with any of the requisites of a brief.  Tex. R. App. P. 38.1(a)-(j); 38.2(a). 
For example only, the document does not contain a table of contents, an index
of authorities, or any argument whatsoever.  See Tex. R. App. P. 38.1 (b), (c), & (h).  There is also no
proof of service on or affixed to the brief.  Tex.
R. App. P. 9.5(d).

            Braus is ordered to redraw her
brief and file a brief compliant with Rules 38.1 and 38.2 of the Texas Rules of
Appellate Procedure and properly serve the brief according to Rule 9.5 of the
Texas Rules of Appellate Procedure no later than 5:00 PM on August 1,
2007.  A faxed brief will not be permitted.  

            If Braus files another brief that is
not compliant with Rules 38.1 and 38.2, the Court will strike the brief and
proceed as if she had not filed a brief, Tex.
R. App. P. 38.9(a), her portion of the case will be submitted without
oral argument, and Braus will not be permitted to present oral argument to the Court. 
See Tex. R. App. P. 39.1.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Order
issued and filed July 18, 2007






ory fees, attend Alcoholics Anonymous meetings,
or report his subsequent arrest within 48 hours. 
      Finally, the State called Captain Kelly Craig of the Wortham City Police Department. 
Craig testified that he stopped appellant on August 3, 1998 after observing his vehicle driving
erratically and twice failing to stop at a stop sign. Captain Craig stated that appellant smelled
of alcohol and failed a field sobriety test, after which Craig arrested him for DWI.
      Appellant argues that Kyle should not have been allowed to testify to appellant’s failure to
report to his Freestone County probation officer because Kyle had no personal knowledge of
that information, such information was hearsay, and the business record containing that
information was never admitted into evidence. Appellant cites Polk v. State for the proposition
that a witness may not testify to the contents of a business record that is not in evidence unless
the witness has personal knowledge of the facts forming the basis of his testimony. Polk v.
State, 729 S.W.2d 749, 755 (Tex. Crim. App. 1987).
      In Polk, the State offered the testimony of the custodian of records for the Dallas County
probation office, who laid the predicate for admission of Polk’s probation file as a business
record. Id. at 750. The file was never admitted, however, and the court allowed the custodian
to testify to the file’s contents over Polk’s objection, even though the custodian was not Polk’s
probation officer and had no personal knowledge of the violations described in the file. Id. at
751. The Court of Criminal Appeals held that the trial court abused its discretion in allowing
the records custodian to testify to the hearsay contained in the file. Because those violations
formed the basis of the revocation, the Court remanded the cause to the trial court to consider
the alternative probation violations contained in the motion to revoke. Id. at 755.
      In the case at bar, appellant’s probation file is hearsay, but is admissible because it meets
the business record exception to the hearsay rule. See Tex. R. Evid. 802(6). Although the
business record exception allows the file to be admitted, it does not allow testimony as to the
contents of the file without either the file’s admission, or an indication that such contents are
within the personal knowledge of the witness. Polk, 729 S.W.2d at 751. We adhere,
however, to the long-standing presumption that the trial judge, sitting as a fact finder, ignored
objectionable or incompetent evidence in his deliberations so long as properly admitted or
unchallenged evidence is sufficient to support the judgment. Keen v. State, 626 S.W.2d 309
(Tex. Crim. App. 1981). Because Kyle testified to other violations of probation lying within
her personal knowledge —appellant’s failure to provide proof of attendance of Alcoholics
Anonymous meetings, pay supervisory fees, or report his subsequent DWI arrest— we cannot
say that the error, if any, in admitting hearsay testimony affected the “substantial rights" of the
appellant. See Tex. R. App. P. 44.2(b); Fowler v. State, 958 S.W.2d 853 (Tex. App.—Waco
1997) aff’d, 991 S.W.2d 258 (Tex. Crim. App. 1999). Appellant’s first point is overruled. 
      In his second point of error, Appellant asserts the evidence is insufficient to support the
trial court’s finding that appellant has subsequently committed DWI. He argues that the
testimony of Captain Craig does not establish commission by a preponderance of the evidence
because Craig was not qualified to administer the horizontal gaze nystagmus test from which
he concluded appellant was intoxicated. Craig testified that he observed appellant run two stop
signs, and that appellant was swerving out of his traffic lane. In addition to failing the HGN
test, Craig indicated that appellant smelled of alcohol, walked in an unstable manner, and
exhibited glassy, bloodshot eyes and slurred speech. Finally, Craig testified that he discovered
a cup in appellant’s vehicle containing an alcoholic beverage. From this evidence, the trial
court could have concluded by a preponderance of the evidence that appellant either committed
Driving While Intoxicated, or failed to abstain from the use of alcoholic beverages in violation
of condition number two of his probation as alleged in the motion to revoke. The evidence
was sufficient to support the trial court’s ruling that appellant’s probation should be revoked. 
Appellant’s second point of error is overruled.
      The judgment of the trial court is affirmed.
 

                                                             ROBERT M. CAMPBELL
                                                             Justice (Sitting by Assignment)

Before Chief Justice Davis,
      Justice Gray and 
      Justice Campbell (Sitting by Assignment)
Affirmed
Opinion delivered and filed March 8, 2000
Do not publish