

IN THE
TENTH COURT OF APPEALS

No. 10-19-00007-CR

PATRICIO MEDINA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2015-2386-C2

MEMORANDUM OPINION

In two issues, appellant, Patricio Medina, contends that the trial court abused its

discretion by denying his motion for new trial and by admitting the testimony of a

jailhouse witness, Fernando Herrera. We affirm.

I.     BACKGROUND

Medina was charged by indictment with one count of aggravated sexual assault

of a child, two counts of injury to a child, and two counts of endangering a child. The

jury found Medina guilty on all counts and assessed punishment at eighty years' incarceration for the one count of aggravated sexual assault of a child and two counts of injury to a child and two years' incarceration for the two counts of endangering a child. The jury also assessed a $10,000 fine. The trial court ordered all the sentences to run concurrently.

Thereafter, Medina filed a motion for new trial, which, after a hearing, was denied by the trial court. This appeal followed.

## II.    MOTION FOR NEW TRIAL

In his first issue, Medina argues that the trial court abused its discretion by denying his motion for new trial where he presented evidence that the State failed to disclose exculpatory evidence prior to trial and presented false and misleading testimony from a jailhouse witness, Herrera, regarding when Herrera and Medina were housed together at the Jack Harwell Jail and Herrera's past involvement with Investigator Jeff Aguirre of the McLennan County Sheriff's Office.

In his motion for new trial, Medina only alleged a violation of article 39.14.[1] Furthermore, in his prayer, Medina specifically requested that the trial court conduct a hearing on his motion for new trial, grant the motion for new trial, and order a new sentencing hearing. However, in this issue, Medina makes two arguments: (1) that the

---

[1] Indeed, at the hearing on Medina's motion for new trial, Medina's counsel solely alleged an article 39.14 violation. Counsel did not mention *Brady* or a due-process violation at the hearing.

State presented false testimony through Herrera that constituted a due-process violation; and (2) that the failure to disclose Herrera's additional convictions in Alabama and Florida violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 215 (1963).[2]  And because these alleged errors, Medina contends that his conviction should be reversed.

To preserve error for appellate review, a complaining party must make a timely and specific objection.  *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Texas courts have held that points of error must correspond or comport with objections and arguments made at trial.  *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana

---

[2] Both the State and the defense proffered evidence of Herrera's extensive criminal history. Specifically, the evidence established that Herrera was incarcerated in Florida for four years for dealing in stolen property.  Additionally, Herrera had a misdemeanor theft conviction in 1994; a conviction for possession of a controlled substance in 1995, for which he received probation; probation was revoked in 1997; two instances of failure to identify/fugitive from justice in 2001; a burglary- of-a-habitation conviction in 2002, for which he received an eight-year sentence; a 2003 conviction for assault on a public servant; a 2007 conviction for criminal trespass; a couple of other criminal trespass convictions in 2008; a misdemeanor-possession-of-marihuana conviction in 2008; a conviction for failure to identify in 2009; a conviction for class B misdemeanor theft in 2009; a conviction in 2012 for possession of marihuana; convictions for failure to identify in 2012 and 2013; a conviction for class A misdemeanor possession of a dangerous drug in 2013, which resulted in a six month sentence in county jail; a conviction for state-jail felony theft with two or more convictions in 2014, which resulted in twelve months' incarceration in a state jail; another conviction for possession of a controlled substance under a gram in 2014; a conviction for unauthorized use of a vehicle in 2014; another conviction for misdemeanor possession of marihuana in 2015; and a conviction for credit-card abuse/debit-card abuse in 2016, which resulted in a ten-month jail term.  Furthermore, at trial, Herrera admitted that he had pending charges of theft of property with two or more convictions and credit-card/debit-card abuse.  For those scoring at home, the jury heard that Herrera had more than twenty convictions in his criminal history.

Additionally, the jury heard testimony from Herrera and others about Herrera's cooperation with law enforcement in other cases, as well as testimony that Herrera and Medina were both at the Jack Harwell Jail when Medina allegedly confessed to the crimes alleged in this case.  However, Herrera acknowledged in his testimony that he could not remember the dates that he and Medina were housed together at the Jack Harwell Jail, though he emphasized that the confession was made over several conversations in the "rec yard."

2005, pet. ref'd).   "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review."   *Wright*, 154 S.W.3d at 241; *see Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003) (holding that an issue was not preserved for appellate review because appellant's trial objection did not comport with the issue he raised on appeal).

As shown above, Medina's article 39.14 complaint made in his motion for new trial does not comport with his arguments in his issue—that the presentation of alleged false testimony constituted a due-process violation and that the State violated *Brady*. Moreover, the relief Medina sought in his motion for new trial—a new punishment hearing—does not comport with the relief sought on appeal—the reversal of his conviction.   Therefore, because Medina's appellate complaints do not comport with the complaint made in his motion for new trial, we cannot say that he has preserved these complaints for appellate review.   *See* Tex. R. App. P. 33.1(a)(1); *Resendiz*, 112 S.W.3d at 547; *Dixon*, 2 S.W.3d at 273; *Wright*, 154 S.W.3d at 241; *see also Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("Indeed, our prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."); *Keeter v. State*, 175 S.W.3d 756, 761 (Tex. Crim. App. 2005) (holding that appellant failed to preserve for appellate review his complaint that the trial court erred in failing to grant his motion for new trial on the basis of a *Brady* violation because he did not mention *Brady* in his motion

or during the hearing on the motion, nor did he include any *Brady*-related cases in his post-hearing submission); *Smith v. State*, 314 S.W.3d 576, 586 (Tex. App.—Texarkana 2010, no pet.) (holding that a *Brady* challenge was not preserved because the trial court never ruled on the complaint); *Jones v. State*, 234 S.W.3d 151, 158 (Tex. App.—San Antonio 2007, no pet.) (holding that the defendant must request a continuance and present the *Brady* complaint in a motion for new trial to preserve the complaint for appellate review). Accordingly, we overrule Medina's first issue.

### III.   HERRERA'S TESTIMONY

In his second issue, Medina contends that the trial court abused its discretion by failing to exclude Herrera's testimony based on the State's failure to comply with article 39.14 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. Art. 39.14.  Medina focuses specifically on subsections (h) and (h-1) of article 39.14 and argues that Herrera's testimony should have been excluded due to the State's failure to provide Herrera's complete criminal history before trial.

As noted above, in this issue, Medina relies heavily on subsection (h-1) of the Texas Code of Criminal Procedure, which provides, in pertinent part:

> Notwithstanding any other provision of this article, if the state intends to use at a defendant's trial testimony of a person to whom the defendant made a statement against the defendant's interest while the person was imprisoned or confined in the same correctional facility as the defendant, the state shall disclose to the defendant any information in the possession, custody, or control of the state that is relevant to the person's credibility, including:

(1) the person's complete criminal history, including any charges that were dismissed or reduced as part of a plea bargain;

(2) any grant, promise, or offer of immunity from prosecution, reduction of sentence, or other leniency or special treatment, given by the state in exchange for the person's testimony; and

(3) information concerning other criminal cases in which the person has testified, or offered to testify, against a defendant with whom the person was imprisoned or confined, including any grant, promise, or offer as described by Subdivision (2) given by the state in exchange for the testimony.

TEX. CODE CRIM. PROC. ANN. art. 39.14(h-1). However, the effective date of subsection (h-1) was September 1, 2017. *See* Act of June 12, 2017, 85th Leg., R.S., ch. 686 (H.B. 34), § 7, 2017 TEX. GEN. LAWS 686. Additionally, section 14 of House Bill 34 states that:

Article 39.14(h-1), Code of Criminal Procedure, as added by this Act, applies to the prosecution of an offense committed on or after the effective date of this Act. The prosecution of an offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense is committed before the effective date of this Act if any element occurs before the effective date.

*Id.* § 14.

In the instant case, the charged offense was committed prior to the enactment of subsection (h-1) of article 39.14. *See id.* Accordingly, the provisions of subsection (h-1) are not applicable to Medina's case. *See id.*

Medina also relies on subsection (h) of 39.14 in complaining about the State's purported failure to disclose Herrera's complete criminal history. More specifically,

Medina contends that despite his article 39.14 request made seven months before trial commenced, the State did not make any attempt to ascertain what evidence existed regarding Herrera's criminal history until Medina subsequently filed a motion to exclude Herrera's testimony on the first day of trial.

Subsection (h) of article 39.14 provides:

Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.

TEX. CODE CRIM. PROC. ANN. art. 39.14(h).

With respect to subsection (h), Medina does not articulate on appeal how the information that the State purportedly failed to disclose tended to negate his guilt or would have tended to reduce the punishment for the offense charged. *See id.* Nevertheless, even if we were to conclude that the State violated subsection (h) of article 39.14, we cannot say that Medina was harmed.

Generally, error in the admission of exclusion of evidence does not rise to the constitutional level. *See Muhammad v. State*, 46 S.W.3d 493, 498 (Tex. App.—El Paso 2001, no pet.) (citing *Fowler v. State*, 958 S.W.2d 853, 865 (Tex. App.—Waco 1997), *aff'd*, 991 S.W.2d 258 (Tex. Crim. App. 1999)). Accordingly, we assay harm in this issue under Texas Rule of Appellate Procedure 44.2(b), which provides that "'any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.'" *Id.*

(quoting TEX. R. APP. P. 44.2(b)). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (citing *Peters v. State*, 31 S.W.3d 704, 722 (Tex. App.—Houston [1st Dist.] 2000, pet, ref'd)). Moreover, a reviewing court will not overturn a criminal conviction for non-constitutional error if, after examining the record as a whole, we have fair assurance that the error did not influence the jury, or had but a slight effect. *Id.* (citing *Peters*, 31 S.W.3d at 722).

As shown above, both Medina and the State proffered evidence of Herrera's extensive criminal history, which included approximately twenty different offenses, as well as several crimes of deception.[3] Given this, as well as the testimony adduced regarding the underlying offense, we have fair assurance that the purported error would not have influenced the jury or had but a slight effect. *See* TEX. R. APP. P. 44.2(b); *see also Muhammad*, 46 S.W.3d at 509; *Peters*, 31 S.W.3d at 722. We overrule Medina's second issue.

## IV. CONCLUSION

Having overruled both of Medina's issues on appeal, we affirm the judgment of the trial court.

---

[3] In his motion for new trial, Medina noted that Herrera has charges in Alabama dating back to 2013, including possession of a controlled substance, obstructing justice, receiving stolen property, and interstate transportation of stolen property. Medina further noted that he has located records indicating that Herrera has charges in two different counties in Florida for burglary of a dwelling and grand theft.

JOHN E. NEILL
Justice

Before Chief Justice Gray
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed August 12, 2020
Do not publish
[CRPM]

